STATE ex rel. Donald R. HOLLOWAY, Securities Commissioner, and Gilbert W. Ellwein, State Examiner of the State of North Dakota, Plaintiffs and Respondents,

v.

FIRST AMERICAN BANK & TRUST COMPANY, a domestic corporation, et al., Defendants and Appellants.

Civ. No. 8799.

Supreme Court of North Dakota.

April 7, 1972.

Rehearing Denied May 18, 1972.

Frederick E. Saefke, Jr., and Thompson, Lundberg & Nodland, Bismarck, for defendants and appellants.

Helgi Johanneson, Atty. Gen., and Arley Bjella, Frank Jestrab and John Gordon, Sp. Asst. Attys. Gen., Williston, for plaintiffs and respondents.

TEIGEN, Judge.

The defendants (hereinafter trust company) have appealed from an order denying a motion for permission to file a supplemental pleading under Rule 15(d) (1) of the North Dakota Rules of Civil Procedure. The rule reads as follows:

"Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented, whether or not the original pleading is defective in its statement of a claim for relief. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor."

In this action the State, upon relation of its Securities Commissioner and the Commissioner of Banking and Financial Institutions, known as the State Examiner (hereinafter State), is seeking a permanent injunction against the trust company, permanently enjoining it from continuing certain alleged practices in the conduct of its business. This is the second appeal from orders entered in pretrial proceedings in this case.

The first appeal, bearing the same title, is reported in 186 N.W.2d 573 (N.D.1971). This first appeal came to us from an order denying a motion for a temporary injunction and vacating a temporary restraining order. We reversed and remanded the case to the trial court for its reconsideration in light of our opinion. It now appears that the trial court has determined that there are special circumstances involved which require the appointment of a special master. Therefore, the trial court has issued an order appointing a special master, in which it specifies and limits his powers and directs him to report upon specified issues and perform particular acts set forth in the order. The master is directed to examine records of the trust company but he is not directed to determine the solvency of the trust company.

Thereafter the trust company noticed a motion for permission to file its supplemental pleading pursuant to Rule 15(d) (1), N.D.R.Civ.P. A copy of the proposed supplemental pleading is attached as an exhibit. Its purpose is to amend the answer and counterclaim of the trust company and inject as new matter the question of the solvency of the trust company as of May 14, 1971. This date is subsequent to the date of the commencement of this action. It is the date of a report and order concerning an examination of the trust company, made by the State Examiner after this action was commenced, in which he found the trust company to be insolvent and directed the trust company to relinquish its books, records and property to

his office. The report of insolvency was filed with and approved by the State Banking Board on June 28, 1971, on which date it issued its order in the alternative, directing the trust company to carry out certain directives governing its practice or show cause before the State Banking Board, at a time and place provided in its order, why a receiver should not be appointed as provided by law.

In support of its motion the trust company argues that the question of solvency should be added to the reference for investigation by the master, and should be ultimately decided by the court in this action. The State resisted on the ground that the question of solvency is one for administrative decision, as provided by the statutes governing banking institutions.

At this point we take judicial notice of the fact that the orders of the State Examiner and the State Banking Board, referred to above, were challenged by the trust company in an injunction proceeding before another judge of the district court in a new and separate action, in which proceeding the orders were set aside as being void ab initio; that the judgment entered thereon was appealed by the State Examiner to this court and is now pending before us.

The trial court, in the exercise of its discretion, denied the motion. It did so on the basis that: (1) the question of the solvency of the trust company is not at issue under the pleadings in this action; (2) the question of solvency of the trust company is being litigated in another court in an attack upon the legality of the orders of the State Examiner and the State Banking Board; and (3) the master was appointed for the purpose of determining certain accounting practices with reference to the issues framed by the complaint in this action, in which the question of solvency or insolvency of the trust company is not relevant.

It is clear that the supplemental pleading is designed to inject into this action a new issue, to wit, the determination of the question of solvency by judicial process, when the same issue was pending in an administrative proceeding before the State Banking Board, the legality of which proceeding was challenged by the trust company in a separate suit before another district judge and final determination of which is pending on appeal in the supreme court.

Under these circumstances, we find that the trial court did not abuse its discretion and its order is affirmed.

ERICKSTAD, Acting C. J., KNUDSON, J., and EMIL A. GIESE and C. F. KELSCH, District Judges, concur.

ALVIN C. STRUTZ, C. J., and PAULSON, J., deeming themselves disqualified did not participate; C. F. KELSCH and EMIL A. GIESE, Judges of the Sixth Judicial District, sitting in their stead.