499 P.2d 854

**Jim V. FISHER, Plaintiff and Appellant,**

**v.**

**CIVIL SERVICE COMMISSION OF SALT
LAKE CITY, Utah, et al., Defend-
ants and Respondents.**

No. 12694.

Supreme Court of Utah.

July 20, 1972.

A. Wally Sandack, of Draper, Sandack & Saperstein, Salt Lake City for plaintiff-appellant.

John F. Piercey, of Piercey, Bradford & Marsden, Salt Lake City, for defendants-respondents.

ELLETT, Justice:

The plaintiff, a civil service employee in the fire department of Salt Lake City, was discharged from his employment for insubordination and political activity. After a full hearing the Civil Service Commission sustained the discharge, and plaintiff then filed a petition in the district court for a review of that decision. He prosecutes this appeal from an adverse ruling by the trial court.

The bases of the decision of the Commission were:

(1) Fisher engaged in political activity in violation of the ordinances of Salt Lake City.

(2) Fisher was guilty of insubordination in that he urged members of the fire department not to obey orders of their superiors.

(3) Fisher publicly accused the chief and assistant chief of the Salt Lake City fire department of making and releasing an erroneous and misleading report, with the intention of embarrass and to hold up to ridicule his superior officers.

Section 14–1–5, Revised Ordinances of Salt Lake City, provides:

\* \* \* \* \* \*

No person of the classified civil service of the fire department shall use his official position as authority to influence or coerce the political action of any person, nor be a member or delegate or alternate to any political convention, or serve as a member of any committee of any political party, or take any active part in the management of any political campaign, nor solicit, collect or receive any assessment, subscription, contribution or dues intended or used for any political purpose whatsoever, nor shall he be obliged to contribute to any political fund· or render any political service whatsoever.

Rule 2–3 of the Civil Service Commission Rules and Regulations reads:

No person in the Classified Civil Service shall be a member of, delegate or alternate to, any political convention, or serve as a member of any committee of any political party or take any active part in the management of any political campaigns, or solicit, collect or receive any assessment, subscription, contribution or dues intended or used for any political purpose whatsoever, nor shall he be obliged to contribute to any politi-

cal fund or render any political service whatsoever.

There was ample evidence given the Commission to the effect that Mr. Fisher took a city commissioner who was a candidate for re-election to various fire departments and urged the firemen to vote for him. The Commission condemned his activity; but because the candidate was an incumbent and was in charge of the fire department, it did not consider this violation of the ordinances and rules sufficient, standing alone, to be a ground to discharge Mr. Fisher. However, it was conduct to be considered in connection with other evidence in determining the propriety of the discharge.

There was also competent evidence showing that Mr. Fisher called various members of the fire department asking them to collect funds for the re-election of his candidate.

It is interesting to note that Mr. Fisher's Local had previously brought an action to have Section 14–1–5 of the Salt Lake City ordinances declared unconstitutional.[1] That case was decided by this court on January 3, 1969, adversely to Mr. Fisher's contention. Nevertheless, during the political campaign in the fall of that same year he was actively engaging in conduct contrary to the ordinance.

Any violation of state law, city ordinance, or rule of the Commission is a ground for dismissal from civil service.[2]

Mr. Fisher issued a publication called "Fire Flyer" in which among other things he said:

> You are not a wall scrubber. You are not a painter. You are not a gardner. [sic] You are not a moving man. You are not a sewer man. You are not a cat rescuer. You are not a public relations man. You are not a -ad infinitum. You were not hired to do whatever you are told to do, but to preform [sic] fire connected jobs.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> If a Chief Officer wants some non-fire fighting, public relation labor preformed [sic], then he is welcome to do it himself.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> . . . If you are asked to do something and you question if it is your job, look it up in your manual. If it is not in the manual, refuse to do it.
>
> Do not preform [sic] non-fire fighting labors. Question non-fire fighting orders before you preform [sic] them, not after. . . .

The Commission found that the article violated Rule 2–8(c) of the Civil Service

1. Salt Lake City Fire Fighters Local 1645, etc. v. Salt Lake City, 22 Utah 2d 115, 449 P.2d 239.

2. Rule 2–6(a) and (d), Salt Lake City Civil Service Commission Rules and Regulations.

Commission Rules and Regulations, which provides:

Among other things, the following shall be grounds for a charge of failure in the performance of duty:

\* \* \* \* \* \*

(c) Conduct subversive of good order and the discipline of the department where employed.

A newspaper reporter obtained from the fire chief and his assistant certain information regarding the number of fires occurring in the prior years, the amount of property damage, the number of injuries to firemen on duty, and the number of deaths occurring in connection with the fires. The story written by the newspaper reporter contained the following:

"Firemen sustained 35 injuries during the year, seven occuring [sic] during drills," Assistant Fire Chief William Kresser said, noting this as an outstanding safety record.

"No Salt Lake fireman has died on duty since 1943 when four men were lost in two different blazes, a hotel fire and a theatre fire," he said.

The day the report appeared in the paper, Mr. Fisher called the reporter and stated that the report was inaccurate and not complete. He gave a typewritten statement which he requested to have published in the newspaper. Based on that statement the paper next day contained the following:

The annual report released by Fire Chief Grant R. Walker and Assistant Chief William Kresser has been labeled "erroneous and misleading" by a member of the Department.

Jim V. Fisher, president of Local No. 1645, International Association of Fire Fighters, (AFL–CIO), Wednesday said the report on deaths and injuries was wrong and a deliberate attempt by the administration to mislead the public. "We are amazed that a burning wall or falling roof is the only death in the line of duty recognized by the Chief of the Department," said Mr. Fisher.

Mr. Fisher claims that the Constitution of the United States protects his right to free speech.[3]

Certain federal courts have seen fit to hold that the prohibition against Congress passing a law gives a man a right to speak his mind on all occasions. Even if such holdings be correct, Mr. Fisher is not aided thereby. He has no constitutional

3. Amendment 1 of the Constitution reads: "*Congress shall make no law* respecting an establishment of religion, or prohibiting the free exercise thereof; or *abridging the freedom of speech*, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." [Emphasis added.]

right to be a fireman, nor does he have a moral right to be one unless he complies with the rules and regulations of the Commission which are designed to protect firemen in the security of their jobs.

It seems to us that the evidence justifies the Commission in holding that Mr. Fisher's conduct was of such a nature as to tend to undermine the morale of the firemen and the good order of the department. His position as president of a local union in the International Association of Fire Fighters apparently gave him courage to assert his imagined authority and to believe that he was beyond the pale of disciplinary action.

The evidence also justified the Commission in refusing to reinstate Mr. Fisher in his employment, and the trial court so determined. The trial court further found that the Civil Service Commission did not act arbitrarily, capriciously, or unreasonably in making its decision.

To us this case seems to be one of the tail trying to wag the dog.

Other assignments of error raised by the appellant and not discussed above are without merit.

We affirm the judgment of the trial court and award costs to the respondent.

CALLISTER, C. J., and TUCKETT, HENRIOD, and CROCKETT, JJ., concur.