Jim V. **FISHER,** Plaintiff,

v.

The **CIVIL SERVICE COMMISSION OF SALT LAKE CITY, UTAH,** by **Wallace D. Hurd, Chairman, et al., Defendants.**

No. C 219–72.

United States District Court, D. Utah, Central Division.

Nov. 15, 1972.

A. Wally Sandack, Salt Lake City, Utah, for plaintiff.

John F. Piercey, Salt Lake City, Utah, for defendants.

## MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

ALDON J. ANDERSON, District Judge.

Defendants have filed with the court a Motion to Dismiss on the grounds that the court lacks jurisdiction and the complaint fails to state a claim upon which relief can be granted.

Plaintiff was terminated as an employee of the Salt Lake City Fire Department on the basis of a letter from the Salt Lake City Civil Service Commission recommending that he be disciplined for violation of section 2–3 of the Salt Lake City Civil Service Commission Rules and Regulations, which prohibits certain city employees from engaging in political activity and which plaintiff now asks this court to declare unconstitutional.[1] Plaintiff filed an appeal from the order of discharge with the Salt Lake City Civil Service Commission. Before the Commission acted on the appeal, plaintiff brought an action in this court[2] seeking declaratory and injunctive relief against the Commission and others. This court abstained on the basis that the proper application of section 2–3 and certain Salt Lake City ordinances[3] challenged by plaintiff could best be determined in the context of the state administrative proceedings which were then pending and which were subject to review in the state courts. Thereafter, the Commission upheld the discharge of plaintiff. That ruling was subsequently affirmed by the Third Judicial District Court and the Utah Supreme Court.[4] Plaintiff then filed the present complaint. The complaint seeks essentially the same relief sought before the state courts.

This court is of the opinion that the proper disposition of defendants' Motion to Dismiss turns on the application of the rule stated by the United States Supreme Court in England v. Medical Examiners.[5] The court held in that case that if, following abstention by the federal district court for purposes of obtaining a state court construction,

". . . a party freely and without reservation submits his federal claims for decision by the state courts, litigates them there, and has them decided there, then—whether or not he seeks direct review of the state decision in this Court—he has elected to forgo his right to return to the [federal] District Court."[6]

In order to avoid making an election to forego the right referred to, the court held that the litigant must not "advance" or "present" to the state court his contentions against the state statute's constitutionality. He must " . . . inform those courts what his federal claims are, so that the state statute may be construed 'in light of' those claims,"[7]

---

1. Section 2–3 reads:

No person in the Classified Civil Service shall be a member of, delegate or alternate to, any political convention, or serve as a member of any committee of any political party or take any active part in the management of any political campaigns, or solicit, collect or receive any assessment, subscription, contribution or dues intended or used for any political purpose whatsoever; nor shall he be obliged to contribute to any political fund or render any political service whatsoever.

Section 14–1–5 of the Revised Ordinances of Salt Lake City is identical to section 2–3 quoted above.

2. Fisher v. Civil Service Commission, Civil No. 117–70 (D.Utah, August 23, 1970).

3. Salt Lake City, Utah, Rev.Ordinances §§ 30–1–10, 14–1–5, 17–3–5.

4. Fisher v. Civil Service Commission, No. 195784 (Dist.Ct., 1971), aff'd 28 Utah 2d 172, 499 P.2d 854.

5. 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).

6. Id. at 419, 84 S.Ct. at 467.

7. Id. at 420, 84 S.Ct. at 467.

but he must also make a reservation on the state court record to the disposition of the entire case by the state courts. If he does not make such a reservation, and instead seeks a binding adjudication of all his claims, then he will be deemed to have elected not to return to the federal district court.[8]

Plaintiff presented his federal constitutional claims in the state court. He claimed there that the regulations and ordinances in question, which he now challenges anew on the same grounds, violate freedom of speech, freedom of assembly, the "right to job protection" and the "right of petition," all of which he claims are secured by the First and Fourteenth Amendments of the United States Constitution. The state courts upheld the constitutionality of the instant ordinances in the face of such challenges.[9] This court holds that petitioner presented these claims in the state courts freely and without reservation. As a result, he is not entitled to return to this court with the same claims. As the court stated in *England,* to hold otherwise would be to allow the plaintiff ". . . to ignore the adverse state decision and start all over again in the District Court. Such a rule would not only countenance an unnecessary increase in the length and cost of the litigation; it would also be a potential

---

8. *Id.* at 421, 84 S.Ct. 461.

9. Fisher v. Civil Service Commission, No. 195784 (Dist.Ct.1971), aff'd 28 Utah 2d 172, 499 P.2d 854 (1972). In his complaint in state district court, plaintiff made reference to the ordinances and regulations under which he was discharged and stated the following at paragraph 10:

. . . . .

(b) Said regulations and ordinances violate Plaintiff's right to freedom of speech and assembly and job protection secured by the United States Constitution, Amendments I and XIV.

(c) The standard set up in said rules and ordinances are [*sic*] ambiguous, vague, indefinite and in violation of Plaintiff's right of free expression and right of petition secured by the United States Constitution, Amendment I.

(d) Said regulations and ordinances deny Plaintiff's right to engage in privileged conduct as a citizen of Utah and the United States and as a member of, and officer of Firefighters Local Union 1645, International Association of Firefighters, a labor organization, secured by the United States Constitution, Amendment I and Amendment XIV and laws of Utah 1955, Chapter 54, Sections 2, 3 and 16.

(e) Said regulations and ordinances contain an overbroad and illegal sweep of regulating power in that they tend to cover both partisan and non-partisan activities whether city, county, state or federal and as to both public offices and public issues . . . .

The state district court made no explicit finding or conclusion with respect to the claims recited above and stated only that the ". . . decision of the Civil Service Commission of Salt Lake City affirming the discharge of plaintiff . . . is supported by the record, and said decision is not arbitrary, capricious or unreasonable, and said decision should be affirmed." Fisher v. Civil Service Commission, No. 195784 (Dist. Ct.1971), aff'd 28 Utah 2d, 172, 499 P.2d 854 (1972).

Point IV of plaintiff's brief on appeal to the Utah Supreme Court was stated as follows:

POINT IV

The city and its Civil Service Commission lack power to adopt Revised Ordinance 14–1–5 and Regulations 2–2 and 2–3, said ordinance and regulations being constitutionally objectionable, vague, ambiguous and overbroad.

In the text of the brief plaintiff argued, among other things, that said ordinance and regulations contain an overbroad and illegal sweep of power in that they purport to cover both partisan and non-partisan political activities. For a disposition of these claims the Utah Supreme Court referred to the decision of the court in Fire Fighters Local 1645 v. Salt Lake City, 22 Utah 2d 115, 449 P.2d 239 (1969), where it was held that section 14–1–5 and other related ordinances were not unconstitutional. With respect to any claims, constitutional or otherwise, which were not given explicit treatment in the court's opinion, the court made the following statement:

Other assignments of error raised by the appellant and not discussed above are without merit.

Fisher v. Civil Service Commission, 28 Utah 2d 172, 499 P.2d 854, 856 (1972).

source of friction between the state and federal judiciaries." [10]

Therefore, it is hereby ordered that defendants' Motion to Dismiss plaintiff's complaint be granted and said complaint be dismissed with prejudice.

---

10.  375 U.S. 411, 419, 84 S.Ct. 461, 466, 11 L.Ed.2d 440 (1964).