474 F.2d 933
 FIRST AMERICAN BANK & TRUST COMPANY et al., Plaintiffs-Appellants,
v.
G. W. ELLWEIN, Commissioner, State Examiner and Chairman of
the State Banking Board, Department of Banking and
Financial Institutions of the State of
North Dakota, et al.,
Defendants-Appellees.
 No. 72-1596.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 12, 1973.
Decided Feb. 27, 1973.
 
 Frederick E. Saefke, Jr., Bismarck, N. D., for plaintiffs-appellants.
 Frank F. Jestrab, Bjella & Jestrab, Williston, N. D., for defendants-appellees.
 Before MATTHES, Chief Judge, BRIGHT, Circuit Judge, and TALBOT SMITH, Senior District Judge.*
 PER CURIAM.
 
 
 1
 First American Bank & Trust Co. (First American) instituted this action pursuant to 15 U.S.C. Secs. 4, 15, and 26 (antitrust laws) seeking injunctive and other relief against the North Dakota State Banking Board to prevent the Board from holding a hearing and making findings concerning appellant's solvency and banking practices. First American alleged that the Board could not afford the plaintiff a fair hearing because Board members are competitors of the plaintiff and because they had made statements indicating prejudgment of the case. The district court denied preliminary injunctive relief on the grounds that this was an appropriate case for abstention. The court then granted a motion for summary judgment for the defendant-Board and dismissed the action on the merits, apparently on grounds that: (1) the Sherman Act did not provide for an action against the state; (2) no jurisdictional basis had been stated for consideration of plaintiff's claim of a denial of constitutional rights; (3) the question was moot because the Board had already heard the matter; and (4) a final judgment would conflict with the court's abstention on the question of temporary injunctive relief. The court concluded:
 
 
 2
 I could leave it to the plaintiffs to amend their pleading to recite a proper jurisdictional basis, and to enunciate a relevant prayer for relief, but it appears that the business of the Court, and the best way to approach any further problems which may develop is by dismissal of this action on its merits.
 
 
 3
 On this appeal First American urges that the district court should have exercised jurisdiction under 42 U.S.C. Sec. 1983 and 28 U.S.C. Sec. 1343, although plaintiff failed to rely on these statutes in its complaint. First American argues that the complaint on its face alleges facts which make out a violation of its right to due process of law.
 
 
 4
 As we construe the plaintiff's briefs, the precise question sought to be presented and resolved on this appeal is whether or not the district court had jurisdiction to hear the case on its merits. For reasons stated below, we believe the case in its present posture presents an appropriate situation for abstention rather than dismissal on the merits and thus direct that the judgment dismissing the action on its merits be vacated.
 
 
 5
 The brief factual background, as related in the complaint and as stipulated to at oral argument, discloses that the appellant engages in trust company business under 1 N.D.Cent.Code Ch. 6-05. In a meeting held May 26, 1972, the State Banking Board authorized the State Examiner to commence a proceeding before the Board to determine the solvency of First American and to develop other matters concerning First American's banking practices. With this authorization, the State Examiner proceeded under the North Dakota Administrative Agencies Practice Act, 5 N.D.Cent.Code Ch. 28-32.[1]
 
 
 6
 First American asserts that due to the alleged prejudice and prejudgment of the Board, it has been denied the opportunity to present its case to a "fair and unbiased" tribunal.[2]
 
 
 7
 At oral argument, the parties stipulated that as of December 11, 1972, the State Banking Board had already heard the matter and had made a determination of insolvency and ordered a receiver appointed. The parties also stipulated that the Board's order had been stayed by the District Court of Burleigh County pending resolution of an appeal to that court. As indicated by the stipulation, North Dakota permits appeals from administrative agencies to the state courts of general jurisdiction and then to the state supreme court.[3]
 
 
 8
 Assuming, arguendo, that the federal district court might have exercised jurisdiction on grounds that the Board under the circumstances alleged was incapable of affording appellant a fair hearing in conformity with the Due Process Clause of the Fourteenth Amendment, the circumstances presented to the district court and to us on appeal demonstrate a classic case in which federal courts should stay their hands under the doctrine of abstention. The matters presented to the federal court are now in the state courts, and their determination of the "fairness of the hearing" issue may well eliminate the need for any consideration of constitutional issues by the federal judiciary.[4]
 
 
 9
 In Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), the Supreme Court said:
 
 
 10
 Although a federal equity court does have jurisdiction of a particular proceeding, it may, in its sound discretion, whether its jurisdiction is invoked on the ground of diversity of citizenship or otherwise, "refuse to enforce or protect legal rights, the exercise of which may be prejudicial to the public interest"; for it "is in the public interest that federal courts of equity should exercise their discretionary power with proper regard for the rightful independence of state governments in carrying out their domestic policy." [Id. at 317-318, 63 S.Ct. at 1099 (footnotes omitted).]
 
 
 11
 This holding was reaffirmed in Alabama Public Service Commission v. Southern Railway Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951):
 
 
 12
 As adequate state court review of an administrative order based upon predominantly local factors is available to appellee, intervention of a federal court is not necessary for the protection of federal rights. Equitable relief may be granted only when the District Court, in its sound discretion exercised with the "scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts," is convinced that the asserted federal right cannot be preserved except by granting the "extraordinary relief of an injunction in the federal courts." Considering that "[f]ew public interests have a higher claim upon the discretion of a federal chancellor than the avoidance of needless friction with state policies," the usual rule of comity must govern the exercise of equitable jurisdiction by the District Court in this case. Whatever rights appellee may have are to be pursued through the state courts. Burford v. Sun Oil Co., 319 U.S. 315, [63 S.Ct. 1098, 87 L.Ed. 1424] (1943); Railroad Commission of Texas v. Rowan & Nichols Oil Co., 311 U.S. 570, 577, [61 S.Ct. 343, 346, 85 L.Ed. 358] (1941); Railroad Commission of Texas v. Rowan & Nichols Oil Co., 310 U.S. 573, [60 S.Ct. 1021, 84 L.Ed. 1368], as amended, 311 U.S. 614, 615, [61 S.Ct. 66, 85 L.Ed. 390] (1940). [Id. at 349-350, 71 S.Ct. at 768-769 (footnotes omitted).]
 
 
 13
 As already mentioned, the federal district court denied preliminary relief on grounds of abstention but the final judgment in form dismissed the action on the merits. It is obviously inappropriate to make a determination on the merits while applying the abstention doctrine. Accordingly, while approving the action of the district court, we remand this case to the district court for the purpose of modifying the judgment to reflect abstention from action rather than decision on the merits and to recite that "jurisdiction should not be exercised in this case as a matter of sound equitable discretion." Alabama Public Service Commission, supra, at 350, 71 S.Ct. at 769.
 
 
 
 *
 Eastern District of Michigan, sitting by designation
 
 
 [1]
 A dispute concerning the Examiner's authority and the application of the state's statutes governing administrative procedure, has been previously litigated in the state supreme court in an action related to the present controversy. First American Bank & Trust Company v. Ellwein, 198 N.W.2d 84 (N.D.1972)
 
 
 [2]
 The complaint also seeks to declare 1 N.D.Cent.Code Sec. 6-01-03 unconstitutional. That section pertains to the composition of the State Banking Board. Appellant did not request that a three-judge court be convened and does not press the issue of the constitutionality of the statute before this court
 
 
 [3]
 5 N.D.Cent.Code Secs. 28-32-15 and 28-32-21
 
 
 [4]
 At oral argument the parties conceded that the question of the competency of the Board and its right to proceed under the circumstances has been preserved in the record of the administrative hearing and can be presented to the North Dakota courts