Jim V. FISHER, Plaintiff-
Appellant,

v.

The CIVIL SERVICE COMMISSION OF
SALT LAKE CITY, UTAH, etc., et al.,
Defendants-Appellees.

No. 73-1041.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Jan. 11, 1973.

Decided Sept. 10, 1973.

A. Wally Sandack, Salt Lake City, Utah, for plaintiff-appellant.

John F. Piercey, Salt Lake City, Utah, for defendants-appellees.

Before HILL, SETH and HOLLOWAY, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from the final order of dismissal with prejudice entered against appellant in his suit in the United States District Court of Utah on November 15, 1972. That action sought declaratory and injunctive relief claiming that appellees deprived appellant of his constitutional rights by an illegal discharge. The sole issue to be determined is whether the court erred in dismissing the action on the ground that the appellant had previously presented and litigated his constitutional claims in the Utah state courts and thereby elected to forego his right to return to the federal district court.

The record establishes that on March 31, 1970, Fisher was discharged from his position with the Salt Lake City Fire Department on the basis of a recommendation by the Salt Lake City Civil Service Commission that he be disciplined for violations of the Commission Rules and Regulations. Immediately thereupon, appellant filed an administrative appeal from the order of discharge

with the Commission, but before the Commission acted on that appeal, appellant filed an action in the United States District Court for declaratory and injunctive relief. The federal court abstained on grounds that Fisher had not exhausted his state remedy and returned him to state court by dismissing the case without prejudice.

Thereafter, appellant pressed his appeal before the Commission, which upheld appellant's discharge; that ruling was upheld by the Third Judicial District Court of the state and by the Utah State Supreme Court.[1]

Appellant then filed the complaint in the instant case in the United States District Court. In that complaint, Fisher denied violation of any ordinance, rule or regulation; denied that there was any basis in fact or law supporting his discharge; and asserted the unconstitutionality of the ordinance and rules and regulations under which he was terminated. Appellees filed a Motion to Dismiss which the court granted on the basis that appellant freely and without reservation presented his federal claims in the state courts and thus had elected to litigate his claims there, and to forego his right to return to the federal courts.

As indicated by the trial court, 353 F.Supp. 61, in its ruling on the Motion to Dismiss, this case is controlled by the rule outlined in England v. Louisiana Medical Examiners.[2] In that case the United States Supreme Court held that if following abstention by a federal district court for the purpose of obtaining a state court construction, the litigant freely and without reservation submits his federal claim for decision by the state court, he has elected to forego his right to return to federal district court.

■ In that case the Court defined abstention as a judge-fashioned vehicle for according appropriate deference to the respective competence of the state and federal court systems, and recognized that the state courts are the final expositors of state law and as such should be given an opportunity to decide questions of local law before federal jurisdiction of constitutional claims is invoked. Beyond this power, however, it must also be noted that state courts of general jurisdiction are competent to rule on federal constitutional claims. Thus if presented with both local and federal claims, the state courts can enter binding judgments which are subject to appeal to the United States Supreme Court.

In *England* the Court recognized that in the interest of a reduction in the length and cost of litigation and to reduce potential frictions between the state and federal judiciaries, litigants returned to state court by abstention should be allowed to elect that forum as the court they desire to rule on all the issues presented by their cases. However, such an election must be the subject of strict rules else litigants who fail in state courts later deny that they made such an election and return to the federal courts. The Court held that it could see "no reason why a party, after unreservedly litigating his federal claims in the state courts although not required to do so, should be allowed to ignore the adverse state decision and start all over again in the District Court."[3]

■ Appellant's conduct in this case, i.e., briefing and submitting to the state courts of Utah all of the constitutional issues now urged upon the federal court, clearly falls within the operation of *England*. Though Fisher claims that he was required to litigate his federal claims before the state courts, *England* holds that to obey the mandate of Government Employees v. Windsor, 353 U.S. 364, 77 S.Ct. 838, 1 L.Ed.2d 894 (1957),

1. Fisher v. Civil Serv. Comm'n, 28 Utah 2d 172, 499 P.2d 854 (1972).

2. 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).

3. Ibid. 375 U.S. at 419, 84 S.Ct. at 466.

appellant needed only to inform the state courts what his federal claims were so that the state statute could be construed in light of those claims.[4] *England* then holds that a party will be denied his right to return to district court if it clearly appears that he voluntarily did more than *Windsor* requires and fully litigates his federal claims in state court.[5] If he desired to more fully argue these claims before the state court and yet preserve his right to return to federal court for a final determination of these issues, *England* required that Fisher make a reservation on the state court record to the disposition of the entire case by the state courts.[6] Failing that, we must hold that the federal court lacked jurisdiction to hear the present complaint and was correct in dismissing it.

Appellant advances several other arguments to contend the rule of *England* should not be applied to this complaint, none of which is persuasive.

■ First, Fisher contends that this case can be distinguished from *England* in that he does not seek to convene a three-judge court to enjoin the operation of a state statute but merely seeks to enforce his civil rights. Such is not a valid distinction. *England* controls all cases in which a party attempts to invoke federal jurisdiction on constitutional claims and is returned to state court by abstention. Regardless of his exact claim or particular approach in procedure, if such a party returns to state court and seeks and obtains a complete disposition of his case, the *England* rule makes his election irreversible. Appellant's constitutional claims have been ad-

judicated and his right to return to federal court forfeited.

■ Next, appellant contends that the Utah state proceedings constitute only a "bare adjudication" of his federal claims and that such a superficial review is not a bar to his return to federal court. *Windsor* does hold that bare adjudications of federal claims do not prevent subsequent reconsideration by federal courts; however, *Windsor* and *England* establish bare adjudications to be those in which the state court is not even presented with the federal claims to allow their consideration when interpreting a state statute. This is not the case here. Fisher fully presented his federal claims to the Utah courts. The fact that the state court opinion deals with these claims summarily does not transform these holdings into a "bare adjudication."

Lastly, Fisher argues that his right to return to federal court was preserved by statements in the record made during the court's consideration of the question of abstention. This record does not fulfill the strict rule of *England* as it requires a reservation in the record of the state proceedings. This requirement recognizes that an election of this type is not final until action commences in the state court. Additionally, statements by the appellees are not sufficient to control the election by Fisher. It was appellant's election to forego his return to federal court, and statements by appellees do not affect those rights in this factual setting.

The dismissal by the trial court is affirmed.

4. Ibid. 375 U.S. at 420, 84 S.Ct. 461.

5. Ibid. 375 U.S. at 421, 422, 84 S.Ct. 461.

6. Ibid. 375 U.S. at 421, 84 S.Ct. 461.