**FIRST AMERICAN BANK & TRUST COMPANY et al., Plaintiffs,**

v.

**G. W. ELLWEIN, Commissioner, State Examiner, and Chairman of the State Banking Board, et al., Defendants.**

**No. A1–75–2.**

United States District Court,
D. North Dakota,
Southwestern Division.

March 4, 1975.

Allen I. Olson, Atty. Gen., and Frank F. Jestrab and John R. Gordon, Sp. Asst. Attys. Gen., Williston, N. D., for defendants.

Before BRIGHT, Circuit Judge, BENSON, Chief District Judge, and VAN SICKLE, District Judge.

PER CURIAM:

## MEMORANDUM and ORDER OF DISMISSAL

The Plaintiffs seek a judgment declaring unconstitutional the statutory authority for the North Dakota State Banking Board, N.D.C.C. §§ 6–01–01, –03–, –09 (1959 and Supp.1973), or the exercise of that authority by the Board, and permanently enjoining the Board from enforcing any actions taken pursuant to this authority.

The Plaintiff, First American Bank & Trust Company (FAB), a North Dakota corporation, filed its complaint in the United States District Court for the District of North Dakota on January 17, 1975. The Court granted on the same day its motion for a temporary restraining order against the Defendants, state officials entrusted with the execution of North Dakota's banking laws. The Defendants then moved to dismiss the complaint and dissolve the temporary restraining order. On January 27, 1975, the Court denied the motion, and Defendants appealed to the United States Court of Appeals for the Eighth Circuit, seeking to have the restraining order, which had by then become a preliminary injunction, suspended and stayed. On February 4, 1975, the Chief Judge of the Court of Appeals convened a Three-Judge Court to hear FAB's complaint, pursuant to 28 U.S.C. § 2284. The Court of Appeals, by order of February 6, 1975, set aside the District Court's denial of the motion and recommended that the motion be promptly referred to the three-judge panel.

FAB has previously presented in Federal Court a similar challenge to the constitutionality of the Banking Board. In

Frederick E. Saefke, Jr., Bismarck, N. D.; and Irvin B. Nodland, Lundberg, Nodland & Schulz, Bismarck, N. D., for plaintiffs.

*First American Bank & Trust Co. v. Ellwein,* 474 F.2d 933 (8th Cir. 1973), the Court of Appeals abstained from deciding the constitutional issue because of the possibility that the State Courts of North Dakota might rule favorably to FAB in a pending review of the Board's action. *Id.* at 935. Thereafter, the State District Court held that the Board action was unconstitutional as a denial of due process. *First American Bank & Trust Co. v. Ellwein,* Civil No. 22281 (N.D.Dist.Ct., County of Burleigh, Aug. 27, 1973). The State Supreme Court reversed, holding that the Board, either as constituted or by its action, did not deny FAB due process of law. *First American Bank & Trust Co. v. Ellwein,* 221 N.W.2d 509 (N.D.1974). The United States Supreme Court denied FAB's petition for certiorari. 419 U.S. 1026, 95 S.Ct. 505, 42 L.Ed.2d 301 (1974). Thereupon, FAB filed the present complaint.

The record in this case demonstrates that the constitutionality, under the Fourteenth Amendment, of the Board's conduct in ruling that FAB is insolvent and appointing a receiver has been fully presented to the State Courts. Before the Board, the State District Court, the State Supreme Court, and its application for certiorari, FAB urged successively that the composition and proceedings of the Board denied it procedural due process. Plaintiff relies primarily upon *Gibson v. Berryhill,* 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973), to support its contention of denial of due process.

In its petition for certiorari FAB acknowledged that it has raised the constitutionality of the Board's composition and procedure at every stage of the state administrative and judicial proceedings:

> Constitutional and due process questions [were] first raised in written response to Complaint of State Banking Board and its Notice of Hearing . . .; secondly, in opening statements at time of purported "hearing", June 19, 1972 . . .; thirdly, on

appeal to the State District Court . . . .; and lastly, to State Supreme Court in Petitioners' (Appellees) Brief and Petition for Rehearing . . . .. [Petition for Writ of Certiorari at 14, *First American Bank & Trust Co. v. Ellwein,* No. 74–187 (U.S. S.Ct.)].

FAB, however, contends that it is entitled to relitigate this issue in the Federal Courts because, following abstention by the Federal Court of Appeals in *First American Bank v. Ellwein, supra,* 474 F.2d at 835–36, and prior to submission of the controversy to the State Courts, it reserved the federal constitutional issue for determination by the Federal Courts, as authorized in *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 415–22, 84 S.Ct. 461, 11 L.Ed. 2d 440 (1964).

■ Under the holding of *England,* such a reservation by FAB would enable it to renew its constitutional challenge in Federal Court following submission of state issues to the State Courts. The record refutes FAB's contention that it reserved the federal constitutional issue from consideration by the State Courts. Relying upon federal case law, the State courts thoroughly examined the issue and, ultimately, upheld the Board's constitutionality. Under these circumstances, FAB is bound by the State Court determination of the constitutional issue and has no right to relitigate the issue in the Federal Court. It bypassed the procedure announced in *England* and therefore gains no support from that decision. *Res judicata* bars it from raising the issue before this Court. See *Fisher v. Civil Service Commission,* 484 F.2d 1099, 1100–01 (10th Cir. 1973); see also, e. g., *Thistlethwaite v. City of New York,* 497 F.2d 339, 341–42 (2d Cir.), cert. denied 419 U.S. 1093, 95 S.Ct. 686, 42 L.Ed.2d 686 (1974); *Commonwealth ex rel. Specter v. Levin,* 359 F.Supp. 12, 13–15 (E.D.Pa.1973) (Three-Judge Court).

■ At oral argument FAB proposed an alternative ground in justification of

presenting its due process contention to this Court. FAB contends that it could not litigate in the State Court a charge that each of the members of the Banking Board possessed a personal bias and prejudice against it, separate from the bias of the Board generally. It apparently bases this contention on the assumption that it could not raise the issue of personal bias before the Board and therefore could not raise the issue on judicial review in the State Courts.

A review of the record reveals, however, that FAB did indeed assert a claim before the Board of actual bias and prejudgment by its members. At the initial proceeding before the Board, FAB made the following statements:

> We would ask, Mr. Chairman, that the Board recognize that the respondents or defendants are making a special appearance this morning and that we have asked this Board, in view of its previous findings, affidavits, public releases, correspondence concerning these people, that it dissolve itself until a new Board is appointed by which these people may have a fair and unbiased hearing according to due process of law and under the equal protection of the law.
>
> \*   \*   \*   \*   \*   \*
>
> And on the further ground, Mr. Chairman, from the statements of the chairman, it is evidence not in the record that these people do not have a representative on this Board; that the members of the Board are adversaries in business, that they are defendants in lawsuits between the parties, that there have been filed and as a matter of record under the affidavits of the chairman, prejudgments in this matter, purportedly by the chairman and by the Board, which prejudgments and the manner in which they have been conducted, have been declared unlawful by the Supreme Court of North Dakota.

FAB asserts, however, that it could not, for practical reasons, present adverse evidence against each of the Board members in the administrative hearing. This argument lacks merit, especially in view of the state statutory authorization of supplementation of an administrative record on an appeal to the District Court on such terms and conditions as the Court may deem proper.[1]

---

1. 28–32–18. Consideration of additional or excluded evidence.—If an application for leave to adduce additional evidence is made to the court in which an appeal from a determination of an administrative agency is pending, and it is shown to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the hearing or proceeding had before the administrative agency, or that such evidence is material to the issues involved and was rejected or excluded by the agency, the court may order that such additional evidence be taken, heard, and considered by such agency on such terms and conditions as the court may deem proper. After considering such additional evidence, the administrative agency may amend or modify its findings of fact, conclusions of law, and decision, and shall file with the court a transcript of such additional evidence together with its new or modified findings of fact, conclusions of law, and decision, if any.

28–32–19. Scope of and procedure on appeal from determination of administrative agency.—The court shall try and hear an appeal from the determination of an administrative agency without a jury and the evidence considered by the court shall be confined to the record filed with the court. If additional testimony is taken by the administrative agency or if additional findings of fact, conclusions of law, or a new decision shall be filed pursuant to section 23–32–18, such evidence, findings, conclusions, and decision shall constitute a part of the record filed with the court. After such hearing, the court shall affirm the decision of the agency unless it shall find that such decision or determination is not in accordance with law, or that it is in violation of the constitutional rights of the appellant, or that any of the provisions of this chapter have not been complied with in the proceedings before the agency, or that the rules or procedure of the agency have not afforded the appellant a fair hearing, or that the findings of fact made by the agency are not supported by the evidence, or that the conclusions and decision of the agency are not supported by its findings of fact. If the de-

In any event, we deem it beyond dispute that the State Courts considered the question of individual bias. The District Court's opinion contains the following statement:

> The Court has already expounded at some length on the subject of the existence of bias, interest, and prejudgment on the part of the Board and *its individual members,* and the lack of due process in conducting the hearing before the Board. This adds up to a violation of the constitutional rights of the appellants. [*First American Bank & Trust Co. v. Ellwein,* Civil No. 22281 (Aug. 27, 1973) (emphasis added)].

The State Supreme Court was also cognizant of charges of individual bias:

> FAB says, in a colorful display of verbiage, the hearing that was held was designed in the great tradition of the Old West to be a fair trial before the hanging. The Board had already been deeply embroiled in efforts to declare FAB insolvent. The State Examiner is chairman of that Board. These efforts took the form of various legal actions in Federal and State courts as previously referred to. It is apparent that counsel for the Board took an active part in cooperating and exchanging information with the SEC, which, in turn, presumably resulted in their entry into the fray. After these efforts were unsuccessful they turned to an administrative hearing. The State Examiner had, to some extent, determined the condition of the Bank by the issuance of his prior orders. Mr. Frank F. Jestrab, as attorney for the

Board, filed a Complaint against FAB. He represented the Board in all the litigation. The Board approved the report of insolvency by its examiner prior to the hearing. This is not to say the findings are incorrect. The correctness of the findings does not make the hearing fair. Due process of law presupposes a fair and impartial hearing before a fair and impartial tribunal. The board hearing the case should be a qualified board without prejudice and strictly impartial as to the issues to be tried. [221 N.W.2d 509, 513].

We therefore reject Plaintiffs' attempt to raise the question of personal bias as a new and previously unconsidered ground for review of the constitutionality of the Board's conduct.

Moreover, even if that facet of the due process question had not been previously litigated, principles of *res judicata* bar the claim, since this issue represents a ground for relief within the same cause of action previously asserted in State Court. See § 63, *Restatement of Judgments.*

Litigation must come to an end at some point. FAB has exhausted all available avenues of relief from what it views as the Board's unconstitutional composition and conduct. It must now abide by the Board's order declaring it insolvent and appointing a receiver. The motion to dismiss is *granted.*

Counsel for the Defendants will forthwith prepare and submit an appropriate form of judgment.

cision of the agency is not affirmed by the court, it shall be modified or reversed, and the case shall be remanded to the agency for disposition in accordance with the decision of the court. [N.D.C.C. §§ 28–82–18 & 19 (1960)].