FIRST AMERICAN BANK & TRUST COMPANY et al., Appellants,

v.

G. W. ELLWEIN, Commissioner, etc., et al., Appellees.

No. 75–1197.

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1975.

Decided July 30, 1975.

Rehearing and Rehearing En Banc Denied Aug. 21, 1975.

Certiorari Denied Jan. 12, 1976. See 96 S.Ct. 788.

---

Frederick E. Saefke, Jr., Bismarck, N. D., for appellants.

Frank P. Jestrab, Williston, N. D., for appellees.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and HEANEY, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

Plaintiff, First American Bank and Trust Company (FAB), a North Dakota corporation, has taken a timely appeal from final order of a three-judge district court dismissing its complaint upon the basis of *res judicata* by reason of plaintiff's prior litigation in North Dakota state courts of the federal constitutional questions raised.[1] The issue on appeal is whether the court erred in dismissing the action on the ground that appellant had previously presented and litigated its constitutional claims in the state courts, thereby electing to forego its right to return to the federal district court. We agree with the three-judge court that FAB presented and the state courts considered the constitutional questions raised. Accordingly, we affirm.

Plaintiff has been a litigant in this and related cases in the North Dakota state courts and federal courts, including this court, for nearly five years. We will not attempt to detail the history of litigation but merely summarize the facts pertinent to the instant appeal.

For a detailed history of the case, see *First American Bank & Trust Co. v. Ellwein*, 221 N.W.2d 509 (N.D.1974).

In May 1972 the North Dakota State Banking Board notified FAB that a hearing would be held, commencing June 19, 1972, to determine whether FAB should be allowed to continue doing business in North Dakota in view of alleged questionable banking practices which allegedly resulted in FAB's insolvency. FAB promptly instituted an action in the federal district court seeking injunctive and other relief against the Board to prevent the Board from holding a hearing and making findings concerning FAB's solvency and banking practices. This court, in *First American Bank & Trust Co. v. Ellwein*, 474 F.2d 933 (8th Cir. 1973), affirmed the district court's denial of injunctive relief on the grounds that federal abstention was appropriate. At the time of oral argument in that case the Board had already held the hearing of June 19, 1972, and an appeal was pending in the District Court for Burleigh County in North Dakota.[2] The Board, on December 12, 1972, had ordered a receiver appointed to liquidate FAB on the basis of insolvency. At the hearing before the Board FAB's counsel made a "special appearance" challenging the makeup of the Board because of bias and conflicts of interest.[3] The North Dakota State District Court found that FAB was not afforded a fair hearing on constitutional (due process) grounds by reason of pre-judgment bias and conflicts of interest. The North Dakota Supreme Court reversed the district court, holding that FAB was not denied a fair hearing before the Board and stating "[w]e do not think the statutory scheme of [banking] regulation is unconstitutional." *First American Bank & Trust Co.*

---

1. In *MTM, Inc. v. Baxley*, 420 U.S. 799, 95 S.Ct. 1278, 43 L.Ed.2d 636 (1975) the Supreme Court held that an appeal from an order of a three-judge federal court under 28 U.S.C. § 1253 is properly presented to the courts of appeal where such order does not consider the merits of the constitutional claim raised. *See Gonzales v. Automatic Employees Credit Union*, 419 U.S. 90, 95 S.Ct. 289, 42 L.Ed.2d 249 (1974). Because FAB's complaint was dis-

missed and the merits not reached, its appeal is thus properly before us.

2. North Dakota permits appeals from administrative agencies to state courts of general jurisdiction. 5 N.D.Cent.Code §§ 28–32–15 and 28–32–21.

3. The members of the North Dakota State Banking Board are private bankers allegedly in direct competition with FAB.

v. *Ellwein*, 221 N.W.2d 509, 512 (N.D. 1974). The United States Supreme Court subsequently denied FAB's petition for certiorari. 419 U.S. 1026, 95 S.Ct. 505, 42 L.Ed.2d 301 (1974). Thereafter, on January 17, 1975, FAB filed the complaint now before us in the United States District Court for the District of North Dakota.

FAB's complaint sought preliminary and permanent injunctive relief and a declaration of unconstitutionality of the North Dakota statutory scheme under which the State Banking Board exercised its authority.[4] Such statutes are challenged on their face as well as applied to FAB. Preliminary injunctive relief against defendants was granted by the district court in the form of a temporary restraining order enjoining the defendants from enforcing the mandate of the North Dakota courts. A three-judge court was promptly convened to hear FAB's constitutional attack on the state statutes in question. In an opinion by Judge Bright, reported as *First American Bank & Trust Co. v. Ellwein*, 397 F.Supp. 810 (D.N.D.1975), the three-judge court held that FAB was barred from litigating the constitutional questions raised on *res judicata* grounds because "the constitutionality, under the Fourteenth Amendment, of the Board's conduct in ruling that FAB is insolvent and appointing a receiver has been fully presented to the State Courts." 397 F.Supp. at 812.

We agree with Judge Bright's well-reasoned opinion and hold that FAB is barred by *res judicata* from relitigating its constitutional attack, facially and well as applied, on North Dakota's State Banking Board makeup and procedure. *See Lecci v. Cahn*, 493 F.2d 826, 829–830 (2d Cir. 1974); *Fisher v. Civil Service Comm'n*, 484 F.2d 1099 (10th Cir. 1973).

FAB's primary contention on appeal is that it reserved the federal constitutional issues originally raised in the federal district court following abstention by

this court as authorized in *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 415–422, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). Such reservation allows a party to renew constitutional challenges in federal court following a determination by the state court of state issues. However, our search of the record reveals no attempt whatsoever by FAB to expressly reserve its federal constitutional questions in the North Dakota state courts. The reported opinions clearly indicate that FAB has presented its constitutional questions to the state courts. *First American Bank & Trust Co. v. Ellwein*, 474 F.2d at 935 n. 4; *First American Bank & Trust Co. v. Ellwein*, 221 N.W.2d at 512, 515. Indeed, in FAB's Petition for Writ of Certiorari in the United States Supreme Court, which is a part of the record here, it stated:

> Constitutional and due process questions [were] first raised in written response to Complaint of State Banking Board and its Notice of Hearing . . . ; secondly, in opening statements at time of purported "hearing", June 19, 1972 . . . ; thirdly, on appeal to the State District Court . . . ; and lastly to State Supreme Court in Petitioners' (Appellees) Brief and Petition for Rehearing . . . . [Petition for Writ of Certiorari at 14, *First American Bank & Trust Company v. Ellwein*, No. 74–187 (U.S. S.Ct.)].

There is no doubt that FAB has clearly and voluntarily presented its constitutional claims to the North Dakota state courts and those claims have been decided adverse to it.

 We recognize that an express reservation of constitutional questions need not be made to invoke the judge-made rule in *England*. A litigant may return to federal court with his federal constitutional questions without an express reservation "unless it clearly appears that he . . . fully litigated his federal claims in the state courts." 375 U.S. at 421, 84 S.Ct. at 468. None-

---

4. Statutes specifically challenged are North Dakota Cent.Code §§ 6–01–01, 6–01–03, and 6–01–09. Jurisdiction in the federal court was invoked under 28 U.S.C. §§ 1343, 2201, 2202 and 2284 and 42 U.S.C. §§ 1981 and 1983.

theless, the record is strong that FAB vigorously presented the federal constitutional questions here raised at each and every proceeding in the state courts. FAB has failed to bring itself within the rule announced in *England v. Louisiana State Board of Medical Examiners, supra,* and has thus forfeited its right to litigate its constitutional claims in federal court.

The judgment of the district court dismissing FAB's complaint on *res judicata* grounds is affirmed.[5] Any restraining or injunctive orders that may still be in effect are dissolved and vacated.

---

5. FAB has dealt extensively in its Brief with the merits of its constitutional claim. Our affirmation of the three-judge court's decision that the action was properly dismissed on the basis of *res judicata* precludes a review of the merits of plaintiff's claim.