In the Matter of the Administrative Bank Receivership of First American Bank & Trust Company.

FIRST AMERICAN BANK & TRUST CO., Appellant,

v.

Harry W. GEORGE, Receiver of First American Bank & Trust Co., Appellee.

Civ. No. 9189.

Supreme Court of North Dakota.

Feb. 25, 1976.

As Amended March 4, 1976.

Rehearing Denied March 19, 23, 1976.

Frederick E. Saefke, Jr., Bismarck, for First Am. Bank & Trust Co., appellant.

Max D. Rosenberg, Bismarck, for receiver Harry W. George, appellee.

VOGEL, Justice.

This is the latest in a long series of appeals in matters relating to First American Bank & Trust Company. Prior opinions are found at *State ex rel. Holloway v. First American Bank & Trust Co.,* 186 N.W.2d 573 (N.D.1971), and 197 N.W.2d 14 (N.D. 1972); *First American Bank & Trust Co. v. Ellwein,* 198 N.W.2d 84 (N.D.1972), 474 F.2d 933 (CA8 1973); *Securities & Exchange Commission v. First American Bank & Trust Co.,* 481 F.2d 673 (CA8 1973), and *First American Bank & Trust Co. v. Ellwein,* 221 N.W.2d 509 (N.D.1974), *cert. denied,* 419 U.S. 1026, 95 S.Ct. 505, 42 L.Ed.2d 301, *rehearing denied,* 419 U.S. 1117, 95 S.Ct. 798, 42 L.Ed.2d 816 (CA8 1975).

The present appeal is from an order of the Honorable Benny A. Graff, the district judge who was designated by us to act in the case. The appellant claims that the trial judge had no right to issue the order appealed from, or any other order, because the designation was improper. It is claimed that we could not designate a judge in the case until a judgment on remand from the prior appeal was entered, and that the judgment on remand dated January 17, 1975, was not only defective but was so defective as to deprive us and and the newly designated judge of all jurisdiction.

The defect which is claimed to have such a devastating effect is said to be this: that the judgment was not signed by the clerk of the district court but instead was signed by a judge of that court.

The matter comes before us on a motion to dismiss the appeal, on the ground that the appellant did not appeal within the ten days specified by Section 6–07–43, N.D.C.C., prescribing a ten-day time to appeal from decisions and orders of the district court "on any report or in any proceeding under the provisions of" Chapter 6–07, which relates to dissolution, insolvency, suspension, and liquidation of banks. The appellant, admitting that the appeal was taken more than ten days after entry of the order appealed from, asserts that the appeal is not within the area encompassed by Section 6–07–43, but instead is subject to the provisions of Rule 12(e), the rule generally allowing appeals within sixty days from the notice of entry of order or judgment.

Both parties agree that a decision by us finding in favor of validity of the appointment of Judge Graff, designated by us to act on January 21, 1975, will be determinative of the appeal as well as of the motion to dismiss it. We affirm, on the merits.

Although we may be giving more consideration than it deserves to the contention that the appointment of Judge Graff was jurisdictionally defective, we will review the facts, and then discuss the law (without benefit of any citation of authorities by the appellant, who stated on oral argument that it would have used the same citations provided by its adversary).

## FACTS

After our decision in *First American Bank & Trust Co. v. Ellwein,* 221 N.W.2d 509 (N.D.1974), was released, First American petitioned for certiorari to the United States Supreme Court. It was denied. *First American Bank & Trust Co. v. Ellwein,* 419 U.S. 1026, 95 S.Ct. 505, 42 L.Ed.2d 301, on November 18, 1974. Rehearing was denied, 419 U.S. 1117, 95 S.Ct. 798, 42 L.Ed.2d 816, on January 13, 1975. Notice of denial of rehearing was received by the clerk of this court on January 15, 1975.

On January 17, 1975, a judgment on remand was entered by the Honorable M. C. Fredricks, one of the judges of the Fourth Judicial District, who had presided at the previous trial and rendered the decision appealed from in *First American Bank & Trust Co. v. Ellwin, supra.* Omitting the heading and title, this judgment reads as follows:

"The Judgment of this court entered herein on the 4th day of September, 1973, having been appealed to the Supreme Court of North Dakota, and the said Judgment having been reversed by the Supreme Court of North Dakota by Or-

der dated June 28, 1974, and the said court having remanded the said cause to this court with directions to enter a Judgment on Remand, it is:

"ORDERED, ADJUDGED AND DECREED that the order of the State Banking Board dated December 11, 1972, appointing a receiver to liquidate First American Bank & Trust Company, be and hereby is affirmed."

On January 20, 1975, an ex parte application was made to this court for the designation of a district judge as provided by Section 6–07–33, N.D.C.C. The application did not presume to suggest any particular judge. It was made by the attorney for the receiver of First American. On January 21, 1975, we received a copy of the above judgment on remand certified by the clerk of the district court of Burleigh County.[1] We designated the Honorable Benny A. Graff, another of the judges of the Fourth Judicial District.

Section 6–07–33 provides, in part:

"The supreme court, in the exercise of its supervisory jurisdiction, shall designate some district judge to have jurisdiction in connection with administrative receiverships of insolvent banks, and the judge so designated shall give precedence to such matters."

## LAW AND DECISION

The district court rejected the attack upon its jurisdiction. We agree.

■ The designation of Judge Graff by this court was proper. In the first place, we had the authority at any time after the denial of the petition for certiorari to designate a judge. We not only had the authority under Section 6–07–33, N.D.C.C., quoted in part above, but we also had the authority

under Section 86 of the North Dakota Constitution and under Sections 27–02–05 and 27–02–05.1, N.D.C.C.

Section 86 of the North Dakota Constitution gives us "a general superintending control over all inferior courts under such regulations and limitations as may be prescribed by law."

Sections 27–02–05 and 27–02–05.1 are statutory implementations of the power given by the Constitution. The latter statute gives us "administrative supervision over all courts of this state and the judges, justices, or magistrates of such courts under such rules, procedures, and regulations" as we shall from time to time prescribe.

■ It is obvious that our designation of Judge Graff could have been made without any application under Section 6–07–33, as well as under that statute, and that it was not dependent upon either an application to us to exercise our power or upon the entry of a judgment on remand from the earlier appeal. The power of this court and the district court to act was stayed while the petition for certiorari was pending, and came to life immediately when that petition was denied and notice of denial received. Rule 41(b), N.D.R.App.P.

■ Secondly, even if our power to designate a judge had been dependent upon the entry of a judgment on remand, the judgment on remand bearing the signature of Judge Fredricks is a valid judgment.

Rule 58, N.D.R.Civ.P., which differs substantially from its Federal counterpart, provides, in part:

"A judgment upon an issue of law or of fact upon confession or upon failure to answer may be entered by the clerk upon the order of the court or the judge thereof, . . . The judgment in all cases shall be entered and signed by the clerk

---

1. The papers filed with us by the appellant include a photocopy of the judgment on remand bearing a handwritten notation, purportedly made by the same clerk, that the original was received by her on February 12, 1975. In view of our possession of a certified copy of the same order, certified by her on January 21, 1975, and delivered to our clerk in person by her on that date, which is stamped on the certified copy, we will ignore the notation on the copy submitted by appellee.

in the judgment book; this entry constitutes the entry of the judgment; and the judgment is not effective before such entry. . . . The clerk of court immediately upon the entering of such judgment shall cause the same to be duly docketed as provided by law."

In *Woodland v. Woodland,* 147 N.W.2d 590 (N.D.1967), we held that a document entitled "judgment order," signed by the trial judge and the clerk of the district court, was not an order for judgment and was "sufficient in substance as a judgment. [Citation omitted.] It clearly expresses a final determination by the court, and at once ended the case. It contemplates no further judicial action." Much of the same could be said of the judgment signed by Judge Fredricks. In addition, the entry of the judgment on remand was a purely ministerial duty, as to which the district judge had no discretion. See *State ex rel. Dakota Trust Co. v. Stutsman,* 24 N.D. 68, 139 N.W. 83 (1912).

We do not mean to say, however, that a judgment signed by a judge, rather than a clerk, is invalid or even voidable. We do emphatically state that the defect, if any, is not jurisdictional.

Under a somewhat different rule and varying factual circumstances, the Federal courts have held that orders signed by a judge, filed and docketed as judgments by the clerk, are, for all purposes, judgments. *Markham v. Holt,* 369 F.2d 940 (CA5 1966); *Home Federal Savings & Loan Assn. of Chicago v. Republic Insurance Co.,* 405 F.2d 18 (CA7 1968).

We therefore hold that the appointment of Judge Graff was valid and proper, both because we had the power to make the appointment irrespective of the entry of a judgment on remand, and because the judgment on remand was itself a valid judgment.

With respect to the motion to dismiss the appeal, we have considered the appeal on the merits because an attack on jurisdiction is involved and jurisdiction may be questioned at any stage of the proceedings [Rule 12(h)(3), N.D.R.Civ.P.], and because there is a possible question as to whether an attack on jurisdiction is within the terms of Section 6–07–43, quoted above. Having decided twice that the district court has jurisdiction, we point out that we would be unreceptive to any further appeal on the subject, and point out that any appeals as to matters within the broad confines of Section 6–07–43 will be subject to the ten-day limit contained in it.

Appellant argues that the ten-day appeal statute (6–07–43) could not apply because it is not included in the statutes listed in Section 6–05–34 as being applicable to trust companies, such as First American, and therefore First American is not subject to the ten-day limitation.

In *First American Bank & Trust Co. v. Ellwein,* 198 N.W.2d 84, at 94–95 and 104, we held that at least five code sections found in Chapters 6–01 and 6–07, not listed in 6–05–34, were nevertheless applicable to First American. We again find that First American is subject to general banking laws by reason of 6–05–28, giving the State Examiner, as to trust companies, all the power he has over banks. We hold that this includes the procedure involved in taking appeals. We consider this question as settled, and will not be receptive to further piecemeal appeals as to whether specific banking statutes are or are not applicable to trust companies.

We are also constrained to point out that the history of this case indicates to us that counsel for the bank has greatly prolonged the time required to establish and to conduct the receivership of First American. Whether this is due to excessive zeal of counsel or importunities of the client, we do not know. Whatever the cause, we point out that counsel owes to the courts and, in this case, to the depositors, a duty to exercise an informed and professional restraint in raising and litigating is-

sues which are either without merit or barely arguable and without prospect of success.

Affirmed.

ERICKSTAD, C. J., PEDERSON, J., and JAMES H. O'KEEFE, District Judge, concur.

EMIL A. GIESE, District Judge (concurring).

I concur with the results reached in Justice Vogel's Opinion.

PAULSON and SAND, JJ., deeming themselves disqualified, did not participate; EMIL A. GIESE and JAMES H. O'KEEFE, District Judges, sat in their stead.