GOVERNMENT AND CIVIC EMPLOYEES ORGANIZING COMMITTEE, CIO, an unincorporated association; E. J. Habshey, Plaintiffs,

v.

S. F. WINDSOR, Harrell Hammonds, Knox McRae, Clarence V. Evans and Melvin Dawkins, Defendants.

Civ. A. No. 7466.

United States District Court
N. D. Alabama, S. D.

Feb. 17, 1956.

Arthur J. Goldberg, David E. Feller, and Thomas E. Harris, Washington, D. C., and Cooper, Mitch & Black, Birmingham, Ala., for plaintiffs.

Si Garrett, Atty. Gen. of Alabama, and M. Roland Nachman, Jr., William H. Sanders, Jesse M. Williams, Jr., and Gordon Madison, Asst. Attys. Gen. of Alabama, for defendants.

Before RIVES, Circuit Judge, LYNNE, Chief Judge, and GROOMS, District Judges.

PER CURIAM.

The Alabama statute involved and the nature of this litigation have been fully stated in our earlier opinion in this case reported in 116 F.Supp. 354.[1]  In conformity with that opinion, this Court on November 9, 1953, entered its judgment,

"that the final relief for which plaintiffs prayed in their complaint be and the same is hereby denied; provided, however, that the above-styled action is not hereby dismissed, but is retained and will remain pending for a reasonable time to permit the exhaustion of such State administrative and judicial remedies as may be available; thereafter, such further proceedings will be had herein as may then appear to be lawful and proper."

On appeal on the 1st day of February, 1954, the Supreme Court of the United States entered its judgment granting a motion to affirm and ordering and adjudging "that the judgment of the District Court in this cause be, and it is hereby, affirmed with costs."  See 347 U. S. 901, 74 S.Ct. 429, 98 L.Ed. 1061.

1. In part saying:
"The Solomon Bill [Acts Ala.1953, p. 974] concerns an important area of State administration and proclaims a broad legislative policy as to such administration. As to employees working for the State, there can hardly be any dispute that the settlement of grievances, labor disputes, wages, rates of pay, hours of employment, and conditions of work are matters for the State government to be performed through its legislative and executive departments, and are not matters for collective bargaining to be participated in by a labor union or labor organization. Section 1 of the Act defines 'labor union or labor organization,' and, as so defined, the Act could well be construed by the state courts simply as prohibiting a public employee from being a member of or participating in such an organization for the purpose of collective bargaining with the State and, as so construed, meet the challenge of unconstitutionality." Government and Civic Employees Organizing Committee v. Windsor; D.C., 116 F.Supp. 354, 357.

Thereafter on the 19th day of February, 1954, the plaintiff association filed in the Circuit Court of Montogmery County, Alabama in Equity, its bill of complaint praying for an injunction and a declaratory judgment determining the status of said association, under said Alabama statute. The said State Circuit Court on the 12th day of April, 1954 entered its final decree in said cause, by which it declared in pertinent part that: "Said Statute of Alabama applies to complainant, its activities and its members all as described in the complaint. The prayer for injunctive relief is denied."

On appeal, that final decree was affirmed by the Supreme Court of Alabama on the 10th day of March, 1955, pursuant to an opinion reported in 262 Ala. 785, 78 So.2d 646.

The case is again submitted to this Court for final decree upon the pleadings, affidavits, and testimony taken orally upon the earlier hearing.

■■ Admittedly, the case has now remained pending, in accordance with the earlier judgment, "for a reasonable time to permit the exhaustion of such State administrative and judicial remedies as may be available". As indicated, we have heretofore decided that the Solomon Bill can be so construed as to meet the challenge of unconstitutionality, and our said decision has been affirmed by the Supreme Court of the United States. After a thorough reading and consideration of the final decree of the Circuit Court of Montgomery County in Equity and of the opinion of the Supreme Court of Alabama heretofore mentioned, it is clear to us that the Alabama courts have not construed the Solomon Bill in such a manner as to render it unconstitutional, and, of course, we cannot assume that the State courts will ever so construe said statute. Utah Power & Light Co. v. Pfost, 286 U.S. 165, 186, 52 S.Ct. 548, 76 L.Ed. 1038; Arizona Copper Co. v. Hammer, 250 U.S. 400, 430, 39 S.Ct. 553, 63 L.Ed. 1058; Pelton v. Commercial National Bank, 101 U.S. 143, 25 L.Ed. 901.

Judgment is entered accordingly.