GOVERNMENT AND CIVIC EMPLOYEES
ORGANIZING COMMITTEE, CIO, ET AL.
*v.* WINDSOR ET AL.

No. 423. Argued April 29–30, 1957.—Decided May 13, 1957.

*Milton I. Shadur* argued the cause for appellants. With him on the brief were *Arthur J. Goldberg, David E. Feller* and *Herbert S. Thatcher.*

*Gordon Madison,* Assistant Attorney General of Alabama, argued the cause for appellees. With him on the brief was *John Patterson,* Attorney General.

PER CURIAM.

In 1953, the Alabama Legislature enacted a statute (Ala. Laws 1953, No. 720) which provides that any public employee who joins or participates in a "labor union or labor organization" forfeits the "rights, benefits, or privileges which he enjoys as a result of his public employment." Section 1 defines a "labor union or labor organization" to include an organization of employees whose purpose is to deal with employers concerning grievances, labor disputes, or conditions of employment. Teachers,

certain employees of the State Docks Board and city and county employees, however, are exempted from the provisions of the Act.

Appellants are an organization composed of employees of governmental and civic agencies, and a member of the organization who is employed by a retail liquor store operated by the Alabama Alcoholic Beverage Control Board. They commenced this action in the United States District Court for the Northern District of Alabama to enjoin the enforcement of the state statute on the grounds that it abridged the freedoms of expression and association of public employees, and that the statute violated the Due Process, Privileges and Immunities, and Equal Protection Clauses of the Fourteenth Amendment.

The three-judge District Court, convened pursuant to 28 U. S. C. §§ 2281, 2284, withheld the exercise of its jurisdiction, retaining the cause "for a reasonable time to permit the exhaustion of such State administrative and judicial remedies as may be available." 116 F. Supp. 354, 359. We affirmed that judgment of the District Court. 347 U. S. 901.

Appellant union commenced an action in the Alabama courts to obtain an "authoritative construction" of the state statute. A bill in equity was filed in the Circuit Court of Montgomery County, Alabama, praying that the enforcement of the statute against the union or its members be enjoined, and for a declaratory judgment that the union was not a "labor union or labor organization" within the meaning of the statute. In its complaint, the union denied that the statute applied to it or its members. None of the constitutional contentions presented in the action pending in the United States District Court were advanced in the state court action. After hearing testimony, the Circuit Court of Montgomery County denied the union's prayer for relief, holding that the statute applied to the

union, its members and its activities. The Alabama Supreme Court affirmed. 262 Ala. 285, 78 So. 2d 646. It held that a local union operating under the appellant's rules and constitution would be subject to the provisions of the Act.

The case was resubmitted to the three-judge District Court for final decree. The District Court dismissed the action with prejudice, saying that the Alabama courts have not construed the Act "in such a manner as to render it unconstitutional, and, of course, we cannot assume that the State courts will ever so construe said statute." 146 F. Supp. 214, 216. We noted probable jurisdiction. 352 U. S. 905.

We do not reach the constitutional issues. In an action brought to restrain the enforcement of a state statute on constitutional grounds, the federal court should retain jurisdiction until a definitive determination of local law questions is obtained from the local courts. One policy served by that practice is that of not passing on constitutional questions in situations where an authoritative interpretation of state law may avoid the constitutional issues. *Spector Motor Co.* v. *McLaughlin,* 323 U. S. 101, 105. Another policy served by that practice is the avoidance of the adjudication of abstract, hypothetical issues. Federal courts will not pass upon constitutional contentions presented in an abstract rather than in a concrete form. *Rescue Army* v. *Municipal Court,* 331 U. S. 549, 575, 584. The bare adjudication by the Alabama Supreme Court that the union is subject to this Act does not suffice, since that court was not asked to interpret the statute in light of the constitutional objections presented to the District Court. If appellants' freedom-of-expression and equal-protection arguments had been presented to the state court, it might have construed the statute in a different manner. Accordingly, the judgment of the District

Court is vacated, and this cause is remanded to it with directions to retain jurisdiction until efforts to obtain an appropriate adjudication in the state courts have been exhausted.

*It is so ordered.*

MR. JUSTICE BLACK took no part in the consideration or decision of this case.