Jerry R. **ENGLAND** et al., **Plaintiffs,**

v.

**LOUISIANA STATE BOARD OF MEDI-
CAL EXAMINERS et al., Defendants.**

No. 9292.

United States District Court
E. D. Louisiana,
New Orleans Division.

May 31, 1961.

See, also, 180 F.Supp. 121.

Simon & Trice, J. Minos Simon, La-
fayette, La., Reed, Reed, Reed & Gar-
vey, Floyd J. Reed, New Orleans, La.,
Russell Morton Brown, Washington, D.
C., for plaintiffs.

Adams & Reese, St. Clair Adams, Jr.,
Ellis, Lancaster & King, Robert F.

LeCorgne, Jr., New Orleans, La., for de-
fendants.

Before JONES, Circuit Judge, and
CHRISTENBERRY and WRIGHT, Dis-
trict Judges.

PER CURIAM.

In this proceeding forty chiropractic
examiners sought a declaration of their
right to practice without complying with
the requirements of the Louisiana Medi-
cal Practice Act, LSA–R.S. 37:1261 et
seq. They challenged the applicability
of the Act to their profession, and its
constitutionality if so construed. On
remand by the Court of Appeals from
an initial judgment of dismissal, Eng-
land v. Louisiana State Board of Medi-
cal Exam., 5 Cir., 259 F.2d 626, re-
hearing denied, 5 Cir., 263 F.2d 661,
certiorari denied, 359 U.S. 1012, 79 S.
Ct. 1149, 3 L.Ed.2d 1036, this court was
convened. Applying principles recently
reaffirmed by the Supreme Court in City
of Meridian v. Southern Bell T. & T. Co.,
358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d
562; Louisiana Power & Light Co. v.
Thibodaux City, 360 U.S. 25, 79 S.Ct.
1070, 3 L.Ed.2d 1058; Harrison v. N.
A. A. C. P., 360 U.S. 167, 79 S.Ct. 1025,
3 L.Ed.2d 1152; and Martin v. Creasy,
360 U.S. 219, 79 S.Ct. 1034, 3 L.Ed.2d
1186, we abstained and remitted the par-
ties to the courts of Louisiana so that
those tribunals might "determine the is-
sues here presented." Jurisdiction was
retained "to take such steps as may be
necessary for the just disposition of the
litigation should anything prevent a
prompt state court determination." Eng-
land v. Louisiana State Board of Medi-
cal Examiners, D.C.E.D.La., 180 F.Supp.
121, 124.

Appropriate proceedings were filed in
the state courts and the Louisiana Court
of Appeal ultimately found against
plaintiffs' contention, expressly holding
that the application of the Medical Prac-
tice Act to chiropractic examiners,
though it effectively deprived them of an
opportunity to practice their healing
art, did not violate any provision of the
Federal Constitution. England v. Loui-

siana State Board of Medical Exam., La. App., 126 So.2d 51. On February 15, 1961, the Louisiana Supreme Court refused to review that decision, stating "The judgment of the Court of Appeal is correct." La.Sup.Ct. No. 45,509. No appeal was taken to the Supreme Court of the United States. Instead, plaintiffs now return to this court and ask us to proceed to adjudicate the constitutional issues. Defendants pray for dismissal of the cause.

In this posture, the case points up the dilemma of a litigant who has invoked the jurisdiction of a federal court to assert a claimed constitutional right and finds himself remitted to the state tribunals. On the one hand, in view of Government & Civic Employees Organizing Committee v. Windsor, 353 U.S. 364, 77 S.Ct. 838, 1 L.Ed.2d 894, he dare not restrict his state court case to local law issues. On the other, if, as required by Windsor, he raises the federal questions there, well established principles will bar a relitigation of those issues in the United States District Court. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362. Since, in the usual case, no question not already passed on by the state courts will remain, he is thereby effectively deprived of a federal forum for the adjudication of his federal claims. Cf. Lassiter v. Northampton Election Bd., 360 U.S. 45, 50, 79 S.Ct. 985, 3 L.Ed.2d 1072.

It is true that in most such cases an appeal of right to the United States Supreme Court is given, 28 U.S.C. § 1257 (2), but that is no more than the plaintiff would have had even if he had never invoked the jurisdiction of the United States District Court. Moreover, there are cases where discretionary certiorari is the only available remedy from an adverse state court decision. 28 U.S.C. § 1257(3).

All this seems contrary to the principle underlying the doctrine of abstention, which has been said not to "involve the abdication of federal jurisdiction, but only the postponement of its exercise." Harrison v. N. A. A. C. P., supra, 360 U.S. at page 177, 79 S.Ct. at page 1030. Nor does this procedure accord with the historic function of abstention to assure "that federal courts do not decide questions of constitutionality on the basis of preliminary guesses regarding local law." Spector Motor Co. v. McLaughlin, 323 U.S. 101, 105, 65 S.Ct. 152, 154, 89 L.Ed. 101. Yet we can see no way out of the dilemma if the state courts must consider the constitutional issues together with local law questions.

Thus, here, since the courts of Louisiana have passed on all issues raised, including the claims of deprivation under the Federal Constitution, this court, having no power to review those proceedings, must dismiss the complaint. The proper remedy was by appeal to the Supreme Court of the United States.

Defendants' motion to dismiss granted.