Nick F. PALERMO, Plaintiff,

v.

Theodore L. SENDAK et al.,
Defendants.

Civ. No. F 74-37.

United States District Court,
N. D. Indiana,
Fort Wayne Division.

Oct. 8, 1974.

**1388**

John C. Ruckelshaus, Indianapolis, Ind., David B. Keller, Fort Wayne, Ind., for plaintiff.

Robert S. Spear, Donald Bogard, Deputy Attys. Gen., Indianapolis, Ind., for defendants.

## MEMORANDUM OF DECISION AND ORDER

ESCHBACH, District Judge.

This cause is now before the court on the question of abstention; specifically, whether this court should abstain from adjudicating the federal constitutional issues presented in this case until after the Indiana courts have had an opportunity to interpret the statute in question. For reasons set forth below, the defendants' motion for this court to abstain from adjudicating the constitutional issues while the parties resort to the state courts for a resolution of the state law question is granted.

The complaint was filed on April 11, 1974, to which defendants responded with a motion to dismiss, filed on May 3, 1974. Prior to a determination by the court on the motion to dismiss, plaintiff, on May 29, 1974, filed an amended complaint. The motion to dismiss the then amended complaint was denied by memorandum and order of this court, dated July 25, 1974. That memorandum and order, however, directed the parties to file briefs with this court addressing the issue of abstention in the context of the facts of this case. Plaintiff filed his brief August 14, 1974, opposing any abstention by this court. Defendants filed a brief on August 15, 1974, favoring abstention.

This is a purported class action seeking declaratory relief to redress the alleged deprivation of rights secured to plaintiff and other police officers employed by cities in the State of Indiana. Jurisdiction of the court is premised on 28 U.S.C. § 1343 and 28 U.S.C. § 1331. The alleged cause of action is claimed to arise under 42 U.S.C. § 1983, and declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202. The plaintiff claims that certain rights granted to him by the federal constitution, principally those arising under the First and Fourteenth Amendments, have been denied to him and those in his class by the action or proposed action of defendants.

Plaintiff is Chief of the Board of Public Safety Communications Department of the City of Fort Wayne and is thereby considered to be a member of the City's police force. Plaintiff, having won his party's nomination in the May primary, is a candidate for the office of Sheriff of Allen County, Indiana, in the general election to be held in Indiana in November. Plaintiff is alleged to be subject to the following statute:

Political work prohibited—Penalty.— It shall be unlawful for such commissioners of public safety, or any person holding any position on such fire or police forces, to solicit any person to vote at any election for any candidate, or to challenge any voter, or in any manner attempt to influence any elector at such election, or to be a delegate or candidate for delegate to any political convention, or to solicit for any candidate for, or delegate to, such convention, or to be a member of any political committee. Any person vio-

lating any of the provisions of this section shall be fined not exceeding five hundred dollars ($500), to which may be added imprisonment in the county jail not exceeding six (6) months.

Ind.Ann.Stat. § 48–6113 (Burns Repl. 1963) IC 1971, 18–1–11–9.

Defendant Arnold H. Duemling, is the Prosecuting Attorney for the 38th Judicial Circuit of the State of Indiana and is thereby charged with the duty of prosecuting any violation of the laws of Indiana within the confines of the above-mentioned Judicial Circuit. Defendant, Theodore L. Sendak, is the Attorney General of the State of Indiana and is alleged to be thereby charged with the duty of interpreting enactments of the Indiana Legislature and defending them against attacks of unconstitutionality. The complaint alleges that defendant Duemling has made public statements to the effect that plaintiff, by being a candidate for sheriff, is in violation of the statute. However, it is further alleged that Duemling has not attempted to enforce the statute against members of the Allen County Police Department nor has he publicly stated that he will seek to enforce it. Defendant Sendak is alleged to have issued an opinion in which he concludes that the statute prohibits city policemen from seeking or holding a political office.

The complaint seeks to have the Indiana Statute declared unconstitutional. It is alleged that the threat of sanctions produces a "chilling effect" on rights guaranteed to plaintiff by the First and Fourteenth Amendments. It is alleged that the statute is overbroad and vague as it does not define a specific conduct which presents a clear and present danger to a substantial interest of the State of Indiana. It is finally alleged that the statute violates the equal protection clause of the Fourteenth Amendment.

As this court noted in its earlier memorandum and order, the allegations in this case raise the question as to whether it would be proper for the court to abstain from adjudicating the constitutional issues presented in this case until after the Indiana courts have had an opportunity to interpret the statute. Where the statute in question is susceptible of an interpretation that might avoid the necessity for constitutional adjudication or minimize federal-state friction, the Supreme Court has long held that it may be proper for the federal court to abstain and allow the state courts to first construe the statute. Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

One of the difficulties of applying the abstention doctrine generally is that there are different lines of reasoning and considerations which in effect pose different legal issues but which are often lumped together under the "abstention" label. H. Hart & H. Wechsler, The Federal Courts and the Federal System, 1043 & n. 1 (2d ed. P. Bator, P. Mishkin, D. Shapiro & H. Wechsler 1973); cf. C. Wright, Law of Federal Courts 196, 206–8 (2d ed. 1970). And one of the difficulties in applying abstention in this particular action is that two of these different issues are involved here. One is the *Pullman*-type (Railroad Commission of Texas v. Pullman Co., *supra*) "uncertain question of state law" discussed below. This doctrine is one of "abstention" proper. The other is the "no federal equity court interference with enforcement of state criminal laws" concept developed in Douglas v. City of Jeanette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). This is an area of law more frequently being litigated, notably as a result of Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) and the subsequent limitations on *Dombrowski* announced on February 23, 1971, in ,Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and its five companion cases. *See* Wright, *supra*, 23 (Supp.1972). This question of the propriety of federal court equitable intervention and consequent injunctive or declaratory relief in a pending or threatened state court criminal prosecution

must be treated separately from questions of *Pullman*-type abstention. Lake Carriers' Association v. MacMullan, 406 U.S. 498, 92 S.Ct. 1749, 1756 n. 13, 32 L.Ed.2d 257 (1972); Steffel v. Thompson, 415 U.S. 452, 94 S.Ct. 1209, 1223 n. 21, 39 L.Ed.2d 505 (1974); Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 399, 19 L.Ed.2d 444 (1967). And it is the issue to which much of plaintiff's brief on abstention is addressed. However, the recent Supreme Court decision in Steffel v. Thompson, *supra,* has made it clear that this doctrine does not preclude in the present action a judgment by this court on the merits. This is an attack, seeking a declaratory judgment, on a state statute by a federal plaintiff threatened with state criminal prosecution but as to whom no prosecution is currently pending. The court in *Steffel* held that

> regardless of whether injunctive relief may be appropriate, federal declaratory relief is not precluded when no state prosecution is pending and a federal plaintiff demonstrates a genuine threat of enforcement of a disputed state criminal statute, whether an attack is made on the constitutionality of the statute on its face or as applied.

*Id.* 415 U.S. 452 at 475, 94 S.Ct. at 1223–1224 (citation omitted.) Therefore, refusal by this court to entertain the present action would be in error if that refusal were based on the *Dombrowski-Harris* doctrine concerning the propriety of federal court intervention in the state court criminal process.[1]

1. The only substantial question in applying the *Steffel* holding to the present action is whether plaintiff has met the "genuine threat of enforcement" of the disputed criminal statute criteria. In *Steffel,* the plaintiff was able to show threats of arrest by state officials and an actual arrest by those officials of his companion who was engaged in the identical activity. Mr. Justice Stewart, in his concurring opinion joined by the Chief Justice, emphasized this factual circumstance and stated that cases where such a "genuine threat" of enforcement could be shown would be "exceedingly rare." 415 U.S. 452, 94 S.Ct. 1224.

But the majority opinion in *Steffel* treats this "genuine threat" requirement as being simply the "actual controversy" requirement for federal jurisdiction imposed by the "case or controversy" demand of Article III of the Constitution and by the express terms of the Federal Declaratory Judgment Act. 28 U.S.C.A. § 2201. *Steffel* 415 U.S. 452, 94 S.Ct. at 1215. Plaintiff in the present case certainly meets this test. He is not bringing this suit simply because he "feels inhibited" by the language of the statute, Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 (1971). His fears of state prosecution cannot be characterized as merely "imaginary or speculative." *Id.*; *Steffel* 415 U.S. 452, 94 S.Ct. at 1215. Plaintiff alleges that defendant Prosecuting Attorney Arnold Duemling has made public statements to the effect that plaintiff is in violation of Indiana law and is subject to prosecution by reason of his candidacy. Plaintiff further alleges that defendant Attorney General of the State of Indiana Theodore Sendak has issued an official opinion dated November 1, 1973, in which he concludes that city police officers are prohibited by the contested statute from seeking public office and specifically that of sheriff. (Plaintiff attaches a copy of this alleged Official Opinion of the Attorney General to his brief on abstention.) It is true that plaintiff further alleges that the defendant Prosecuting Attorney has not thus far attempted to enforce the statute or made public statements to the effect that he will seek to enforce the statute. But in the judgment of this court, public statements that plaintiff is "subject to" prosecution, combined with the State Attorney General's opinion and plaintiff's actual candidacy, suffice to present an "actual controversy" meeting the requirements of Article III and the Federal Declaratory Judgment Statute.

As to the Constitutional requirement, a judicial decision in this case would be much more than an "advisory opinion" on a purely hypothetical question. The present action meets the Article III "case or controversy" requirement of presenting to the court a question "in an adversary context and in a form historically viewed as capable of resolution through the judicial process." First v. Cohen, 392 U.S. 83, 95, 88 S.Ct. 1942, 1950, 20 L.Ed.2d 947 (1968). And, although the parties cannot of course confer constitutionally proscribed jurisdiction upon this court, it is significant that defendants have not raised this "actual controversy" question nor questioned the "genuineness" of the "threat of enforcement." As to the "actual controversy" requirement of the Federal Declaratory Judgment Act, it is not clear that this differs in any substantial respect from

Rather, any abstaining by this court in the present action can properly result only from a *Pullman*-type "uncertain question of state law."

The Indiana statute is challenged as being void for vagueness, and it is possible that an interpretation by the state courts could avoid the constitutional question presented. Plaintiff alleges in his amended complaint that the statute only prevents him from being a candidate for delegate to a political convention and does not prevent him from being a candidate for the office of Sheriff of Allen County. He argues that the Indiana statute does not apply to one who is a candidate for office (other than as a delegate to a political convention). And, it is true that the statute does not expressly prevent one from being such a candidate. Therefore, it would appear that the state courts could construe the statute as not applying to one who is a candidate for office. If the Indiana courts were to so construe the statute, plaintiff would lack standing to challenge the statute and the constitutional questions which he presents would be moot. As stated in Kusper v. Pontikes, 414 U.S. 51 at 54, 94 S.Ct. 303 (1973) at 306, 38 L.Ed.2d 260:

> The paradigm of the 'special circumstances' that make abstention appropriate is a case where the challenged statute is susceptible of a construction by the state judiciary that would avoid or modify the necessity of reaching a federal constitutional question.

Plaintiff can seek a declaratory judgment pursuant to the provisions of IC 1971 § 34–4–10–2 of the Uniform Declaratory Judgment Act, IC 1971 § 34–4–10–1 et seq., to have the statute construed and to determine its impact, if any, on his position.

Plaintiff in his brief addressed to the abstention issue reverses his stance and argues that the statute, at least as supplemented by state court dicta in Sarlls v. State, 201 Ind. 88, 166 N.E. 270 (1929), definitely applies to plaintiff in this case (to candidacy for public office rather than just to candidacy for delegate to a political convention) and that the claimed defect of vagueness does not go to this aspect of the statute. Plaintiff further urges that he wishes this court to rule on the merits of his claim and that if his allegation that the statute does not apply to his candidacy threatens to postpone such a ruling, he moves that such allegation be struck from his amended complaint.

Such a motion to further amend the complaint does not go to the heart of the matter, however. Regardless of the allegations in the pleadings, the issue must still remain whether there is in fact an uncertain question of state law which could render unnecessary federal constitutional litigation. And, this court concludes that there is indeed such an uncertainty, one of substantial proportions. As stated above, the statute does not expressly prevent plaintiff's candidacy. And, it is a criminal statute, which statutes, are normally strictly and narrowly construed. The statute has never been authoritatively construed, or even directly in issue, in any case before an Indiana appellate level court. In all, it is the view of this court that there is a substantial possibility a state court would conclude that the statute does not apply to the plaintiff in the set of factual circumstances involved in this case. This uncertainty as to the statute's application is sufficient to meet the "special circumstances" requirement of the *Pullman* abstention doctrine. *Cf.*, Devlin v. Sobse, 465 F.2d 169, 172 (1972).[2]

the similar constitutional criteria. But, in any event, this action presents a controversy substantial enough for a declaratory judgment under the principles announced by the Supreme Court last term in Super Tire Engineering Co. v. McCorkle, 416 U.S. 115, 94 S.Ct. 1694, 1698–1700, 40 L.Ed.2d 1 (1974).

2. *Compare also*, H. Hart & H. Wechsler, The Federal Courts and the Federal System, 991 (2d ed. 1973):

> When is an issue of state law sufficiently "unsettled" or "unclear" to warrant abstention under the Pullman doctrine? The answer does not emerge easily from

There is a further problem in applying *Pullman*-type abstention to the present action, however. The question arises as to whether an exception to the abstention doctrine exists for cases involving alleged deprivation of federal constitutional rights of free expression. *See*, Wright, *supra*, 197–198, 206–207; Dombrowski v. Pfister, *supra*, 380 U.S. 479, 85 S.Ct. 1122–1124. Particularly troublesome in this regard is a footnote on abstention in the recent Steffel v. Thompson, *supra* opinion. There, the Court said:

> Since we do not require petitioner first to seek vindication of his federal rights in a state declaratory judgment action, see Lake Carriers' Assn. v. MacMullan, 406 U.S. 498, 510, 92 S.Ct. 1749, 1757, 32 L.Ed.2d 257 (1972); Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1970), consideration of abstention by the District Court would be inappropriate unless (a separate action currently pending in state court) could be shown to present a substantial and immediate possibility of obviating petitioner's federal claim by a decision on state law grounds. *Cf*. Askew v. Hargrave, 401 U.S. 476, 478, 91 S.Ct. 856, 857–858, 28 L.Ed.2d 196 (1971); Reetz v. Bozanick, 397 U.S. 82, 90 S. Ct. 788, 25 L.Ed.2d 68 (1970).

*Steffel, supra* 415 U.S. 452 at 475, 94 S. Ct. at 1224 n. 22.

This footnote could be taken to mean that in the context of a disputed criminal statute, or at least one challenged as in violation of First Amendment principles, abstention is *never* appropriate when this would involve compelling the federal plaintiff to resort to a state court declaratory judgment action.

■ However, the cases cited in the footnote do not seem to stand for such a proposition. Indeed, in the cited Lake Carriers' Association case, which involved a criminal statute, the court *did* order abstention pending a declaratory judgment suit to be instituted in the state courts by plaintiff. Rather, those cases closely read reveal that the emphasis in the *Steffel* footnote is on the word *federal*. Abstention pending a state court declaratory judgment action is appropriate only when there is a real and substantial uncertainty as to issues of *state* laws. The reason for what sometimes appears to be different treatment in First Amendment cases is that when the claimed defect is truly vagueness or overbreadth in the state statute, the uncertainty, and consequent "chilling," raises issues of *federal* law. Any state court construction narrowing the scope of the statute (and hence resolving questions of its "uncertainty") in order to constitutionally save it would of necessity be at least partially an exercise in *federal* constitutional law.

In the present action, however, while there is this type of a "vagueness" attack on the contested statute, there is also involved an unresolved and pivotal question of purely *state* law. The statute in question is not only allegedly impermissibly *vague* and overbroad in its prohibitions on the fringes of its reach; it is also *ambiguous* as to whether it even purports to cover this plaintiff in his specific type of candidacy at all. This distinction for abstention purposes between vagueness at the borders of the statute's scope on the one hand, and an ambiguity, a "yes-no" type of determination as its applicability, on the other, has been laid out by the Supreme Court in Baggett v. Bullitt, 377 U.S. 360, 377, 84 S.Ct. 1316, 1325–1326, 12 L.Ed.2d 377 (1964).

In the bulk of abstention cases in this Court, including those few cases where vagueness was at issue, the unsettled issue of state law principally

analysis of the decisions. . . . The newness of a state statute, or the total absence of judicial precedent, are clearly significant. . . .

Most important, the uncertainty in state law must be such that construction by the state court might obviate the need for (or at least help to limit) decision of the federal constitutional question.

concerned the applicability of the challenged statute to a certain person or a defined course of conduct, whose resolution in a particular manner would eliminate the constitutional issue and terminate the litigation. Here the uncertain issue of state law does not turn upon a choice between one or several alternative meanings of a state statute. The challenged oath is not open to one or a few interpretations, but to an indefinite number. There is no uncertainty that the oath applies to the appellants and the issue they raise is not whether the oath permits them to engage in certain definable activities. Rather their complaint is that they . . . cannot understand the required promise, cannot define the range of activities in which they might engage in the future, and do not want to foreswear doing all that is literally or arguably within the purview of the vague terms. In these circumstances it is difficult to see how an abstract construction of the challenged terms . . . in a declaratory judgment action could eliminate the vagueness from these terms. It is fictional to believe that anything less than extensive adjudications, under the impact of a variety of factual situations, would bring the oath within the bounds of permissible constitutional certainty. Abstention does not require this.

Although this latter type of vagueness, that the challenged statute is in some aspects perhaps open to an "indefinite number of interpretations," is also at issue in the present action, this is not the type of uncertainty concerning which this court postpones its judgment pending a state court declaratory judgment suit. This court will abstain pending only state court determination as to whether the challenged statute applies in any way to the activities in which the plaintiff is engaged. This type of state court decision is a proper one for invoking abstention, falling easily within the *Baggett* description of "an unsettled question of state law (concerning) the applicability of the challenged statute to a certain person or a defined course of conduct, whose resolution in a particular manner would eliminate the constitutional issue and terminate the litigation." It was because there was no such issue in Steffel v. Thompson, *supra*—but rather only questions of "uncertainty" in the application of the statute the resolution of which would inevitably be intimately bound up with federal constitutional vagueness and overbreadth issues—that the court said it did not require the federal plaintiff to first seek vindication in a state court declaratory judgment action.

█ In ordering postponement of decision on the merits in the present cause, however, it is important to note that this court does not "abstain from exercising its jurisdiction" as defendants request. Rather, it postpones any decision on the federal constitutional issues raised by plaintiff *but retains jurisdiction* of this action while plaintiff seeks a state court declaratory judgment on the purely state law issue.[3] Such a retention of federal jurisdiction is the "better practice." Zwickler v. Koota, *supra*, 389 U.S. 241, 88 S.Ct. 393 n. 4; *Cf.* Lake Carriers' Association v. MacMullan, *supra*, 406 U.S. 498, 92 S.Ct. 1758; Hart & Wechsler, *supra*, 1043.

---

3. In order to comply with the requirements of Government and Civil Employees Organizing Committee, CIO v. Windsor, 353 U.S. 364, 77 S.Ct. 838, 1 L.Ed.2d 894 (1957), it will be necessary for plaintiff to "inform" the state courts "what his federal claims are, so that the state statute may be construed 'in light of' those claims." England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 420, 84 S.Ct. 461, 467, 11 L.Ed.2d 440 (1964). But plaintiff will not be denied his right to return to this court "unless it clearly appears that he voluntarily did more than *Windsor* required and fully litigated his federal claims in the state courts." *Id.* 375 U.S. 411 at 421, 84 S.Ct. at 468 (citation omitted). And plaintiff can absolutely assure himself of the right to return to this court by making the type of reservation on the state court record described at *id.*, 375 U.S. 411, 84 S.Ct. at 468.

## 1394

### ORDER

Accordingly, it is the order of this court that the federal district court shall abstain from deciding the questions of federal constitutional law raised by plaintiff pending a declaratory judgment action to be filed by plaintiff in state court. That declaratory judgment action will seek a state court determination as to whether the contested state statute is to be construed as applying to this plaintiff and his particular activities. Further proceedings herein are accordingly stayed.