Mark ROCK

v.

**EAST TENNESSEE BONDING CO., Hite J. Sanford, Jr., Brenda S. Guess, Wanda S. Ball, Individually and as agent for East Tennessee Bonding Company, James E. Hicks, Individually and as agent for East Tennessee Bonding Company, Joseph Hal Jenkins, Sheriff, Knox County, Tennessee.**

Civ. No. 3–77–432.

United States District Court,
E. D. Tennessee, N. D.

Jan. 20, 1978.

Dean Hill Rivkin, Martha Meares, U. T. Legal Clinic, Knoxville, Tenn., for plaintiff.

Donald R. Coffey, Knoxville, Tenn., for defendants.

## MEMORANDUM

TAYLOR, District Judge.

Plaintiff filed this action on December 9, 1977, under 42 U.S.C. § 1983 for declaratory, injunctive and other relief, alleging that the bail revocation procedures which are authorized by the Tennessee Bail Bond Statute, Tenn. Code Ann. § 40–1225 *et seq.,* and which were utilized by the defendants against the plaintiff, violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

A hearing upon plaintiff's motion for a preliminary injunction was held on December 14, 1977, at which counsel for defendants stated that the defendants did not object to participating in a hearing before a state judicial officer in order to establish cause for the revocation of the plaintiff's bond. Upon plaintiff's representation that such a hearing might substantially resolve this action, the Court dismissed plaintiff's motion for a preliminary injunction. Plaintiff has now filed a motion to rehear plaintiff's motion for a preliminary injunction, on the ground that on January 3, 1978 a state court denied plaintiff's motion for a hearing. On the authority of *Poteete v. Olive,* 527 S.W.2d 84 (Tenn.1975), the court held that under Tennessee law there is no provision for a hearing upon revocation of bond.

For reasons which appear below, this Court is of the opinion that the doctrine of abstention, which the Court raises sua sponte, *Muskegon Theatres, Inc. v. City of Muskegon,* 507 F.2d 199 (6th Cir. 1974), requires that plaintiff's motion to rehear be denied and that the case be dismissed.

Plaintiff was arrested on September 7, 1977 on a charge of receiving and concealing stolen property. On September 15, 1977, the plaintiff arranged bond of $2,000.00 with the defendant, East Tennessee Bonding Company. Pursuant to the bond agreement, plaintiff paid the defendant $100 of the $200 premium owed. On November 4, 1977, defendant James E. Hicks, together with another individual, arrested the plaintiff after informing him that they were agents of the defendant bonding company and that they possessed information that the plaintiff was planning to flee the jurisdiction. The plaintiff was thereupon surrendered to the custody of the defendant Joseph Hal Jenkins at the Knox County Jail. Plaintiff has remained incarcerated from November 4, 1977 until the present, and has never been informed of the reasons or the sources of information that led the bonding company to conclude that he was about to flee.

██ The availability, *vel non,* of a hearing pursuant to the Tennessee Bail Bond Statute is unclear as a matter of state law. In *Clark v. Thomas,* No. A–6181 (Chancery Court, Part I, at Nashville, October 6, 1976), a state trial court held that the statute does require hearing procedures of the type sought in the action pending here.

Although the opinion in *Clark* purports to be a declaratory judgment concerning the constitutionality of the statute, the court did not in fact declare the statute to be unconstitutional. Rather, the court grafted onto the statute those procedures which it felt were constitutionally mandated. Thus, the decision was an attempt to "save" the statute from conflict with the United States Constitution.

The trial court which denied plaintiff's motion for a hearing found that the Tennessee Bail Bond Statute does not provide for a hearing. The resulting conflict in lower court decisions may be authoritatively resolved through state appellate review of the trial court's denial of plaintiff's motion.

The Court is aware that the abstention doctrine is only to be resorted to under "special circumstances," *Propper v. Clark,* 337 U.S. 472, 492, 69 S.Ct. 1333, 93 L.Ed. 1480 (1949). However, the situation in which a statute is susceptible of a state court construction that would avoid or modify a federal question presents the "paradigm case" for abstention. *Lake Carriers' Association v. MacMullen,* 406 U.S. 498, 510, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972).

In the case at issue, an interpretation of the state statute already rendered by one state court would obviate entirely the need for resolution of the federal constitutional question. In light of that ruling, the clarity of the statute on its face does not lessen the appropriateness of abstention. *Cf. Lake Carriers' Association v. MacMullen, supra.* A definitive interpretation of a state statute must take into account constitutional objections. *Government and Civic Employees Organizing Committee, CIO v. Windsor,* 353 U.S. 364, 366, 77 S.Ct. 838, 1 L.Ed.2d 894 (1956). The attempt by a state court to construe a state statute so as to conform with that court's independent interpretation of constitutional requirements is, for purposes of abstention, as much a state law question as any other aspect of state law construction. *See Government and Civil Employees Organizing Committee, CIO v. Windsor, supra.*

Although it by no means is certain that further state court adjudication will modify the federal question raised by the plaintiff, the Court deems that result sufficiently likely so as to justify abstention in this case. Abstention will also prevent premature or unnecessary adjudication of the question whether this Court is precluded by the doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), from reaching the constitutional issue raised by the plaintiff. *See Rivera v. Freeman,* 469 F.2d 1159 (9th Cir. 1972).

The Court is of the opinion that the course which will most aid an unfettered state adjudication of this statute is for the Court to dismiss this cause without prejudice. *See Harris County Commissioner v. Moore*, 420 U.S. 77, 88 n. 14, 95 S.Ct. 870, 43 L.Ed.2d 32 (1975).

For the foregoing reasons, it is ORDERED that the plaintiff's motion to rehear be, and the same hereby is, denied. It is also ORDERED that this action be, and the same hereby is, dismissed without prejudice.

Order Accordingly.