Donald D. GOLDBERG, M. D., and Joseph V. Simoni, Plaintiffs,

v.

Hugh CAREY, as Governor of the State of New York, Louis J. Lefkowitz, as Attorney General of the State of New York, and Albert B. Lewis, Superintendent of the Insurance Department of the State of New York, Defendants.

No. 78 C 956.

United States District Court, E. D. New York.

Dec. 21, 1978.

Morton Povman, Anderman & Povman, Forest Hills, N. Y., for plaintiffs.

Louis J. Lefkowitz, Atty. Gen. of State of N. Y., by Rosalind S. Fink, Asst. Atty. Gen., New York City, for defendants.

MEMORANDUM AND ORDER

PLATT, District Judge.

Plaintiffs, Donald D. Goldberg and Joseph V. Simoni, have instituted this action

seeking a judgment of this Court declaring Section 678 of the Insurance Law of the State of New York to be unconstitutional and permanently enjoining the enforcement of the same. Section 678 mandates that the Superintendent of the Department of Insurance limit the fees "providers of health services" may charge the victims of automobile accidents and provides in full as follows (Chap. 28, Art. XVIII, § 678, McKinney's Suppl.):

§ 678. Limitations of charges for providers of health services. 1. The charges for services specified in paragraph (a) of subdivision one of this article and any further health service charges which are incurred as a result of the injury and which are in excess of basic economic loss, shall not exceed the charges permissible under the schedules prepared and established by the chairman of the workmen's compensation board for industrial accidents, except as otherwise provided in section thirteen-a of the workmen's compensation law.

2. The superintendent, after consulting with the chairman of the workmen's compensation board and the commissioner of health, shall promulgate rules and regulations implementing and coordinating the provisions of this article and the workmen's compensation law with respect to charges for the professional health services specified in paragraph (a) of subdivision one of section six hundred seventy-one of this article, including the establishment of schedules for all such services for which schedules have not been prepared and established by the chairman of the workmen's compensation board.

3. No provider of health services specified in paragraph (a) of subdivision one of section six hundred seventy-one of this article may demand or request any payment in addition to the charges authorized in subdivision one and two of this section. Insurers shall report to the commissioner of health any patterns of overcharging, excessive treatment or other improper actions by a health provider within thirty days after such insurer has knowledge of such pattern.

Regulation No. 83 (11 NYCR 68) of the State Insurance Department, promulgated pursuant to Section 678, adopts the existing workmen's compensation fee schedules, establishes maximum permissible charges for professional health services not covered in the workmen's compensation schedules, and provides for the arbitration of certain health provider claims.

Plaintiffs, an orthopedic surgeon licensed to practice in New York State and an automobile accident victim, allege that Section 678 violates the United States Constitution, the Constitution of the State of New York, and plaintiffs' civil rights. Plaintiffs assert eleven causes of action. Dr. Goldberg asserts that the limitations on medical fees have resulted and will continue to result in a substantial loss of income to him and that the imposition of these limitations was "irrational, unreasonable, arbitrary and without basis in fact" and deprived him of his property without due process of law. Dr. Goldberg also claims he has been denied equal protection of the laws insofar as the charges for non-health services contributing to the cost of automobile insurance have not been fixed or limited and insofar as the workmen's compensation fee schedule incorporated into Section 678 does not reflect local economic factors influencing the cost of medical practice. Dr. Goldberg further asserts that the Insurance Department construes Section 678 to prohibit physicians from accepting payments in excess of the fee schedules which are voluntarily offered from a patient's own resources. Given that the statute contains no such express prohibition, plaintiff claims that it is void for vagueness.

Mr. Simoni claims that the fee limitations of Section 678 rendered it difficult for him to obtain timely medical care, thereby denying him his rights of equal protection and due process. Mr. Simoni also asserts an unconstitutional impairment of his contractual rights in that Section 678 does not require that he be reimbursed for premiums he has paid for health insurance policies in existence prior to the effective date of Sec-

tion 678, which policies contained benefits in excess of those now permissible under the No-Fault Insurance Law.

Jointly, plaintiffs claim that Section 678 denies their right to enter freely into lawful contracts. Finally, plaintiffs allege that the implementation of Section 678 effectively deprives them of "substantial rights, privileges, or immunities."

Four days after filing this action, plaintiffs moved, by way of an order to show cause, for a temporary restraining order or for a preliminary injunction enjoining the defendants from enforcing the provisions of Section 678 pending a final determination in this action. Defendants opposed plaintiffs' motion and cross-moved for a stay of these proceedings during the pendency of a State action (*Medical Society of the State of New York, et al. v. Carey, et al.*, Supreme Court, Albany County, Index No. 0718/78) or in the alternative for an order dismissing the complaint for failure to state a claim. On June 30, 1978, this Court denied plaintiffs' motion for a temporary restraining order and heard oral arguments and reserved decision on plaintiffs' motion for a preliminary injunction and defendants' cross-motions.

■ From plaintiffs' complaint, defendants' answer, and the parties' moving papers, it is abundantly clear to this Court that this case involves serious questions of New York State constitutional law and of State statutory construction and that several of the Federal constitutional issues turn on the correct interpretation of Section 678. Specifically, plaintiffs allege in their First, Second, and Seventh Causes of Action that the fee limitations violate their right to due process under Article 1, Section 6 of the Constitution of the State of New York and in their Fourth, Fifth, Sixth, and Seventh Causes of Action that the fee limitations violate their right to equal protection under Article 1, Section 11 of the State Constitution. Although Section 678 contains no express prohibition against voluntary payments by patients in excess of the amount allowable by statute, the Assistant General Counsel to the State Insurance Department,

Milton L. Friedman, has represented in an affidavit to this Court, (affidavit at 14) that "in the Superintendent's view" any such payments "would necessarily be the result of an implied, if not an 'express' request for them" and that "[s]uch an implied request would clearly constitute an 'improper action' within the meaning of the Section." Were the State courts to rule that Section 678 does not prohibit such voluntary payments, plaintiffs' void-for-vagueness claim asserted in their Third Cause of Action would be mooted. Such a decision might also narrow the scope of plaintiffs' due process and equal protection claims. Plaintiffs' Eighth and Ninth Causes of Action, wherein they allege unconstitutional impairments of their contractual obligations and freedom to contract, would also be mooted were the State courts to find that Section 678 does require the reimbursement of insurance premiums already paid which are attributable to benefits no longer obtainable under that statute. Finally, plaintiffs' § 1983 claims, contained in their Tenth and Eleventh Causes of Action, are premised on all the allegations and causes of action previously set forth in their complaint; therefore, to the extent that plaintiffs' other Federal constitutional claims turn on questions of State law, so do plaintiffs' § 1983 claims.

As the United States Supreme Court stated in *Spector Motor Service, Inc. v. Laughlin*, 323 U.S. 101, 65 S.Ct. 152, 154, 89 L.Ed. 101 (1944):

"If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable. And so, as questions of federal constitutional power have become more and more intertwined with preliminary doubts about local law, we have insisted that federal courts do not decide questions of constitutionality on the basis of preliminary guesses regarding local law."

Accordingly, this Court will retain jurisdiction over this action but abstains from exer-

cising that jurisdiction until a definitive determination of the State law questions has been obtained from the New York State courts. See *Government & Civic Employees Organizing Committee, CIO v. Windsor*, 353 U.S. 364, 77 S.Ct. 838, 1 L.Ed.2d 894 (1957).

How plaintiffs go about obtaining a State court ruling on the questions of State law is their option. On the one hand, plaintiffs may seek to intervene in the above-mentioned State action, wherein the substance of plaintiffs' first nine causes of action are set forth in almost precisely the same language. On the other hand, plaintiffs may choose to initiate a new action. Moreover, in keeping with the United States Supreme Court's ruling in *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), plaintiffs are free to submit all their claims, state and federal, for decision by the State courts and thereby forego their right to return to this Court. In the alternative, plaintiffs may choose to litigate only their State claims in State court. While plaintiffs must then lay before the State court their federal claims in order that the State courts may construe Section 678 in light of the Federal constitutional issues plaintiffs have raised, plaintiffs may reserve the right to return to this Court for a final disposition of their federal contentions should the State courts rule against them on the questions of State law.

Accordingly, this Court abstains from exercising its jurisdiction to decide plaintiffs' motion and defendants' cross-motions.

SO ORDERED.