E.V. ADAIR, Plaintiff,

v.

SPOTSYLVANIA COUNTY, VA., et al., Defendants.

Civ. A. No. 82–0190–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Dec. 22, 1983.

William H. Harris, J.P. Harris, III, Harris & Harris, Fredericksburg, Va., for plaintiff.

Albert M. Orgain, IV, Henry M. Massie, Jr., John A. Conrad, Sands, Anderson, Marks & Miller, Richard K. Bennett, Michael L. Goodman, Browder, Russell, Morris & Butcher, Richmond, Va., William R. Rakes, Roanoke, Va., Ronald Maupin, County Atty., Spotsylvania, Va., for defendants.

MEMORANDUM

MERHIGE, District Judge.

Adair filed suit in this Court against Spotsylvania County and others alleging *inter alia* that the county's zoning ordinance was unconstitutional on its face ·and/or as applied to him. He sought declaratory and monetary relief pursuant to 28 U.S.C. § 1983. Jurisdiction is based on 28 U.S.C. § 1331 and § 1343.

The construction of the ordinance on which Adair based his claim was not the only possible construction. Consequently, on motion of the defendants, and in the hope that the constitutional issue might thereby be avoided, this Court abstained from deciding the case until such time as the parties secured a state court interpretation of the ordinance.

Adair then filed a declaratory judgment action in the Circuit Court of Spotsylvania County. That action proceeded to trial. When the plaintiff rested, the Spotsylvania Court struck the plaintiff's evidence and

dismissed the case.[1] The plaintiff petitioned to appeal, and on August 31, 1983, the Supreme Court of Virginia refused his petition.

Defendants have now moved to dismiss the action in this Court, arguing that the state court action disposes of the case. Both parties having submitted documentary evidence outside the pleadings in support of their positions on the motion, the Court will treat it as a motion for summary judgment in accordance with Fed.R.Civ.P. 12(b). The Court finds that there is no dispute as to any issue of material fact and hence proceeds to consider the legal issue involved.

The plaintiff is entitled to return to federal court for *de novo* consideration of his constitutional claims if and only if he did not seek a complete and final adjudication of those issues in state court, but instead reserved the right to have them decided by this Court in accordance with *England v. Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1974). The Court concludes that plaintiff's purported reservation is inadequate and hence that the state court action does indeed dispose of this case.

*The Reservation*

In Paragraph 4 of plaintiff's initial pleading in state court, he informed that court that the action arose pursuant to a federal court abstention order, and he further stated as follows: "Plaintiff reserves the right to return to Federal Court once the state law matters have been decided." However, plaintiff proceeded in his counts and prayer for relief to ask the state court for essentially all the relief sought in the federal action including a declaratory ruling that the ordinance was unconstitutional, except that he prayed that the amount of "damages" and "attorneys' fees and costs be reserved for trial in federal court." Plaintiff then fully litigated all of his claims, including his federal claims, in the state court action.

Plaintiff now suggests that he addressed the federal issues only defensively, after the defendants had raised them. Examination of plaintiffs' state court pleadings and his brief on appeal to the Supreme Court of Virginia shows this contention to be incorrect. In fact, plaintiff never presented the state law issue separately from the federal constitutional issues. In essence he never raised the state law issue, litigating his federal constitutional claim as if there were no question but that the county ordinance was to be construed in the manner he asserted.

*The Law*

■ When parties seek a state court adjudication on a state law issue pursuant to a federal court's abstention order, they are required to inform the state court of their federal claims so that it may decide the state law issue in light of them. *Government & Civic Employees Organizing Committee v. Windsor*, 353 U.S. 364, 77 S.Ct. 838, 1 L.Ed.2d 894 (1957). If the parties go so far as to submit their federal claims freely and without reservation for decision by the state court, and in fact have them decided there, they forego the right to return to federal court for consideration of those claims. *England v. Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). So as to avoid the confusion and unfairness that could result from application of these two rules in combination, the court in *England* created a procedure whereby a party may protect its right to federal court adjudication of the federal issues: it can inform the state court in an explicit reservation that it is exposing its federal claims only to comply with *Windsor* and not for adjudication in the state court.

■ The purpose of the reservation is to inform the state court that certain issues are not before it. *See Lurie v. California*, 633 F.2d 786, 788 (9th Cir.1980), *cert. den.* 451 U.S. 987, 101 S.Ct. 2321, 68 L.Ed.2d

---

**1.** Striking the plaintiff's evidence is Virginia's equivalent to granting a motion for a directed    verdict.

844; *see also* 17 Wright, Miller & Cooper, *Federal Practice and Procedure* § 4243, cases cited at n. 34 and accompanying text. Obviously, then, the reservation must be clear enough to serve that purpose. *See Lurie v. California, supra.* Adair's reservation, in the context of the entire document in which it was contained and in light of his conduct throughout the state court litigation, was not sufficient. The state judge would have had much difficulty discerning and separating out the state law issue even had he somehow divined that that was what Adair had intended by the reservation to ask him to do. A much more reasonable understanding of Adair's reservation language, which the state judge apparently adopted, was that Adair sought to have all the substantive liability issues, state and federal, adjudicated by the state court and then to return to federal court solely for determination of the amount of damages, attorneys' fees and costs.[2]

In accordance with that reasonable understanding, the state judge proceeded to decide all the liability issues. By striking the plaintiff's evidence, as that Court did, state judge implicitly decided all those issues adversely to the plaintiff. On appeal, the plaintiff did not argue that he had not intended for the state court to decide the federal issues; he argued only that they had been wrongly decided. Adair is not now entitled to a second chance on the liability issues simply because of the ambiguous reservation language in his state court pleadings.

An appropriate order will issue.

---

[2]. Of course, even making the highly questionable assumption that Adair is entitled to divide the litigation between state and federal court in this manner, this interpretation of the reservation language leaves this Court with nothing to resolve, because the damages issue disappeared when the liability issues were decided against the plaintiff.

A third possibility is that Adair intended to "reserve" for federal court a *second* look at the liability issues as well as a first and final determination of damages. This the law does not allow. *England v. Board of Medical Examiners, supra.*