### AMERICAN BOOKSELLERS ASSOCIATION, INC., et al., Plaintiffs-Appellants,

v.

### James WEBB, et al., Defendants-Appellees.

### No. 84–8625.

United States Court of Appeals, Eleventh Circuit.

Oct. 22, 1984.

J. Kirk Quillian, William N. Withrow, Jr., Carol Morris, Atlanta, Ga., Michael A. Bamberger, New York City, for plaintiffs-appellants.

Marva Jones Brooks, George Ference, W. Roy Mays, III, Atlanta Ga., Thomas O. Davis, Decatur, Ga., George Weaver, Atlanta, Ga., for defendants-appellees.

---

Before HILL, FAY and HATCHETT, Circuit Judges.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO ARTICLE VI, SECTION VI, PARAGRAPH IV OF THE GEORGIA CONSTITUTION

TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Eleventh Circuit that the above matter involves questions or propositions of the law of the State of Georgia which may be determinative of the case, and there are no clear controlling precedents in the decisions of the Supreme Court of Georgia. The United States Court of Appeals for the Eleventh Circuit therefore certifies the following questions of law of the State of Georgia to the Supreme Court of Georgia for instructions concerning such questions of law, based upon the facts recited herein and in the record which accompanies this certification.

## I. *Style of Case*

The style of the case in which this certificate is made is as follows: American Booksellers Association, Inc., et al., Plaintiffs-Appellants, versus James Webb, et al., Defendants-Appellees, Case No. 84–8625, filed in the United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Northern District of Georgia.

## II. *Statement of Facts*

Appellants filed suit on April 6, 1984 against Appellees seeking declaratory and injunctive relief challenging the constitutionality of Act 1319 of the Georgia General Assembly, 1984 Ga.Laws 1495, which was to become effective as a statewide law on July 1, 1984.

Sections 1 and 2 of the Act effect changes in punishment for the offenses of child molestation and enticing a child for indecent purposes, respectively. Section 3 of the Act relates solely to the sale and display of materials deemed harmful to minors. Appellants challenge the law under the First, Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. Section 1983, and Article III, Section V, Paragraph III of the Georgia Constitution. Their complaint includes seven counts.

Count one of the complaint alleges that Section 3 of the Act is unconstitutionally overbroad in that it prohibits the furnishing or displaying of materials to minors that are not obscene as to minors. Count two alleges that Section 3, by virtue of its display provisions, violates the First Amendment right of adults to have access to materials that are not obscene as to them. Count three alleges that Section 3 effects an unconstitutional prior restraint on free speech insofar as it restricts both the display and distribution of materials that are constitutionally protected both as to minors and adults. Count four alleges that Section 3 is unconstitutionally vague in that it fails to provide fair notice as to what constitutes a criminal offense under the Act. Count five alleges that Section 3's exemption of some libraries from its scope has no rational basis and therefore unconstitutionally denies Appellants the equal protection of the law. Count six alleges that Section 3's prohibition of the furnishing of covered materials to minors violates a parent's fundamental right to rear his child free from interference by the state. Finally, count seven alleges that Section 3 violates the Georgia Constitution's prohibition of the passage of any bill that refers to more than one subject matter.

A non-jury trial was held before the district court on May 31 and June 1, 1984. Plaintiffs and defendants called several witnesses who testified regarding their understanding of the Act, the effect it might have on various businesses, and the manner in which it might be enforced.

On May 31, Appellees filed a Motion to Abstain, contending that, under the standards announced in *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), the district court should abstain from deciding the claims asserted by Appellants in favor of a prior state court resolution of certain unsettled questions of state law. On June 27, 1984, 590 F.Supp. 677, the trial court issued an Order abstaining from deciding the merits of Appellants' federal claims and directing Appellants to seek an authoritative ruling from the state courts regarding the Act's constitutionality under Article III, Section V, Paragraph III of the Georgia Constitution. The trial court also expressed the view that the Georgia courts might construe some or all of the challenged portions of the Act in such a way so as to eliminate or substantially modify the federal constitutional claims raised by plaintiffs. Therefore, the trial court directed Appellants, in the interest of judicial economy, to seek a construction of the challenged portions of the Act in light of their federal constitutional claims. In the interim, the trial court enjoined enforcement of the provisions of the Act prohibiting the display of materials in public places where minors may be present. This appeal followed.

### III. Questions to be Certified to the Georgia Supreme Court

1.

Whether the combination of the three sections of Act 1319, 1984 Ga.Laws 1495, into a single legislative act violates the prohibition contained in Article III, Section V, Paragraph III, of the Georgia Constitution that "[n]o bill shall pass which refers to more than one subject matter or contains matter different from what is expressed in the title thereof"?

2.

How does the Georgia Supreme Court construe the provisions in Act 1319, 1984 Ga.Laws 1495, which have been challenged in this suit?

Our statement of these questions is not designed to limit the inquiry of the Supreme Court of Georgia.

[T]he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts.

*Martinez v. Rodriguez*, 394 F.2d 156, 159 n. 6 (5th Cir.1968).

The entire record in the case is transmitted herewith for any assistance it might provide to the Court in answering the certified questions. Pending the Georgia Supreme Court's answers to the foregoing certified questions, all further proceedings in this appeal are STAYED.

In accordance with the provisions of the district court's June 27, 1984 Order, as well as the procedures set out in *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), and *Government and Civil Employees Organizing Committee, CIO v. Windsor*, 353 U.S. 364, 77 S.Ct. 838, 1 L.Ed.2d 894 (1957), the right of Appellants to return to the district court, following the receipt of answers to the foregoing questions from the Georgia Supreme Court, is preserved. Appellants have expressly reserved their federal constitutional claims for ultimate decision by the district court following the proceedings in the Supreme Court of Georgia.

CERTIFIED.