HARTZ, Circuit Judge,
concurring:
The opening paragraph of the Complaint for Declaratory and Injunctive Relief filed in Utah state court by Michael Abdo and Southern Utah Wilderness Alliance (Appellants) states that they are “seeking a judgment declaring Defendants’ federal court quiet title action involving alleged R.S. 2477 rights-of-way in Tooele County illegal, unconstitutional, and an ultra vires action brought outside the authority of the Office of Attorney General, as well as an order enjoining the implementation and funding of this litigation.” ApltApp. at 19. The injunction sought in this complaint would “restrain federal court proceedings”; “it does not matter that the prohibition ... [would be] addressed to the parties rather than to the federal court itself.” Donovan v. City of Dallas, 377 U.S. 408, 413, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964).
I do not think that the-Anti-Injunction Act, 28 U.S.C § 2283, forbids the issuance of an injunction to prohibit a state court from restraining federal-court proceedings. To restrain a federal-court proceeding is to impair — to eviscerate — that court’s jurisdiction, preventing it from even considering the dispute before it. As the district court said in this case, the injunction sought by Appellants in state court “would ... effectively defeat the jurisdiction of the federal court.” Intervenors’ App. at 6G. An injunction prohibiting such a restraint could be “necessary in aid of [the Court’s] jurisdiction.” .28 U.S.C § 2283.
In this light, it is easy to understand why the federal district court issued its injunction in this case. Nevertheless, such an injunction was unnecessary. The law is well-settled that a state court cannot grant the injunctive relief sought by Appellants. Other than to protect its own jurisdiction over property in an in rem or quasi in- rem proceeding, a state court has no authority to restrain a federal-court proceeding. See Donovan, 377 U.S. at 412-13, 84 S.Ct. 1579; General Atomic Co. v. Felter, 434 U.S. 12, 98 S.Ct. 76, 54 L.Ed.2d 199 (1977); see also Baker ex rel. Thomas v. General Motors Corp., 522 U.S. 222, 236 n. 9, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998) (“This court has held it impermissible for a state court to enjoin a party from proceeding in a federal court.”) We should presume, a very safe presumption, that no Utah court would issue the injunction sought by Appellants.
As for the declaratory relief sought by Appellants in state court, I agree with the panel majority thát the Anti-Injunction Act bars the issuance of an injunction to prevent that portion of the state litigation. *1193 Even though the claim for declaratory relief raises issues that would also be before the federal court, there is .nothing wrong with parallel claims being pursued in both state and federal court. To be sure, if the state proceeding were the first to arrive at a judgment, that judgment could have pre-clusive effect in federal court (although the federal court, applying state preclusion law, would be the tribunal to determine the preclusive effect); but such a result is not improper under our federal system. See, e.g., Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 293, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (“In parallel litigation, a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judg-ment____”); Atlantic Coast Line R. Co. v. Brotherhood of Loc. Eng., 398 U.S. 281, 295, 90 S.Ct. 1739, 26 L.Ed.2d 234 (197p) (“the state and federal courts had concurrent jurisdiction in this case, and neither court was free to prevent either party from simultaneously pursuing claims in both courts”). In fact, before the states adopted statutes and rules permitting federal courts to certify questions of state, law to state courts, the United States Supreme Court endorsed the practice of federal-court parties seeking determinations of state-law issues in the federal litigation by commencing actions in state courts. See, e:g., Government & Civic Employee Organizing Committee, CIO v. Windsor, 353 U.S. 364, 365, 77 S.Ct. 838, 1 L.Ed.2d 894 (1957). Insofar as Appellants’ state-court action seeks that court’s interpretation pf Utah law, it is not at all troubling,, although it would be surprising if the. state court, exercised its discretion to issue a declaration on whether state law would be superseded by federal law in the present circumstance.