**Emma J. TROUPE, Individually and on behalf of all persons similarly situated**

**v.**

**FAIRVIEW APARTMENTS, a/k/a Oak Ridge Apartment Company, a Limited Partnership, Thomas Alderson, Clerk of the Circuit Court of Anderson County, and Dennis Trotter, Sheriff of Anderson County.**

**Civ.No. 3–78–333.**

United States District Court,
E. D. Tennessee, N. D.

Jan. 19, 1979.

---

Rural Legal Services of Tennessee, Scott L. Lytal, James A. Burke, Oak Ridge, Tenn., for plaintiff.

Steven Seivers, James N. Ramsey, Harry L. Lillard, Oak Ridge, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This case challenges the constitutionality of Tenn.Code Ann. § 23–1601 *et seq.*, Tennessee's Forcible Entry and Detainer Statute, as applied to low-income tenants of federally financed housing. Before the Court are plaintiff's motion for summary judgment and defendant's motion to dismiss.

Plaintiff is a low-income tenant of defendant's apartment building. The defendant rents to low-income tenants pursuant to the Department of Housing and Urban Development's Section 221(d)(3) Rent Supplement Program. Under this program the defendant receives rent supplements from the federal government in return for providing housing for persons unable to afford decent housing with their own resources. Pursuant to the regulations governing this program, plaintiff has received notice of termination of her lease on the ground of improper tenant conduct. Defendant has subsequently brought civil proceedings in state court to evict plaintiff under Tennessee's Forcible Entry and Detainer Statute. Plaintiff claims these summary eviction proceedings were in violation of the federal regulations governing eviction of tenants in the Rent Supplement Program and in violation of the United States Constitution. Basically, plaintiff claims Tennessee's Forcible Entry and Detainer Statute allows eviction of federally financed housing tenants without a showing of good cause by the landlord.

■ In the opinion of the Court, it is far from certain that plaintiff's interpretation of the Forcible Entry and Detainer Statute, as not requiring any showing by the landlord of cause for eviction, is correct. The statute itself does not address any question as to burden of proof. No cases have been suggested, and no Tennessee appellate cases have been found which address burden-of-proof questions under the statute. Generally in landlord-tenant law, however, the landlord in a summary eviction procedure has at least the burden of showing a prima facie case. *See* 52A C.J.S. Landlord & Tenant § 752a. The constitutional issues put forth by plaintiff in this case depend entirely on plaintiff's interpretation of the statute being the correct one. However, plaintiff's interpretation is far from being the settled or certain interpretation of the statute.

Therefore, this appears to be exactly the type of case in which the *Pullman* abstention doctrine should be applied. *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). The fact that landlord-tenant law is peculiarly a matter of state and local concern makes this an even stronger candidate for abstention. *See Harris County Comm'rs Court v. Moore*, 420 U.S. 77, 83–84, 95 S.Ct. 870, 43 L.Ed.2d 32 (1974).

■ In reaching this decision, of course, the Court must reject plaintiff's contention that federal law has pre-empted state landlord-tenant law as far as federally-financed low-income housing residents are concerned. The federal regulations require certain notices be given before eviction procedures are commenced, but do not address what those eviction procedures must be. That is a question left entirely up to state law, as long as the notice and hearing requirements of the constitution are met. Whatever the constitutional hearing requirement may be, the state courts should be given the opportunity to interpret state statutory procedures so as to comply with it. This is required not only by the abstention doctrine, but by general principles of federalism and comity.

In abstaining from deciding the federal issues raised by plaintiff, the Court feels the best procedure in this case would be to dismiss it and allow all parties to concentrate first on the proper interpretation of

Tennessee's summary eviction statute. *See Rock v. East Tennessee Bonding Co.*, 450 F.Supp. 321 (1978).

For the foregoing reasons it is hereby ORDERED that plaintiff's motion for summary judgment be, and the same hereby is, denied. It is further ORDERED that defendant's motion to dismiss be, and the same hereby is, granted.

Order accordingly.